MATTHEW F. HASBROUCK, Respondent-Appellant, *v.* ARNOLD S. RYMKEVITCH, Appellant-Respondent.

Third Department, March 30, 1966.

*Alvin A. Berg* for respondent-appellant.

*Napoletano, Kelly & Succoman* (*Guido J. Napoletano* of counsel), for appellant-respondent.

AULISI, J. This is an appeal by defendant from a judgment granted in favor of plaintiff in the Supreme Court at Trial Term, Ulster County, and entered on April 3, 1964. Plaintiff cross-appeals on the ground of inadequacy.

In April, 1959 plaintiff was requested to "design and work with the Jewish Community Center of Kingston, N. Y., in connection with building a swimming pool." He agreed to prepare plans, supervise the work and check "just like an architect * * * the building at certain intervals to see that proper

work was done and certain materials were being incorporated into the work as called for on the plans ''. The Center fixed plaintiff's fee at $1,000 which was subsequently paid to him. The Center entered into an agreement with defendant for the construction of the pool for $18,920 same to be completed not later than July 1, 1959. On the day that work was to commence, plaintiff having checked defendant's organization concluded that the latter did not have the experienced men needed to construct and finish the pool on time and decided to '' take over '' himself. He said to Rymkevitch: '' You have grossly misrepresented yourself to the Committee, and what are we going to do about it? * * * Now, I will tell you what I will do with you. I will take over this job with you and I will take care of it bag and baggage. As far as I am concerned, you can keep off the job. All I want to do is to have the supervision of the men and control of the situation absolutely. I will go in on this situation with you. I will gamble with you. I will take a third of the profits, and you take two-thirds of the profits. That is net profits.'' The pool was constructed on time and to the entire satisfaction of the Center.

In this action for an accounting and a third of the net profits, plaintiff argues that his sole interest was to get the pool properly built and on time; that no fraud has been charged; that there was no conflict of interest; and that the Center was aware of the situation. The agreement between him and plaintiff was clearly against public policy. Otherwise, rules that one who undertakes to act for another in any matter shall not in the same matter act for himself would be easy of evasion, and breaches of them so readily covered up by contrivances, that they would cease to be of practical value (*Bain* v. *Brown,* 56 N. Y. 285). Similarly, the fact that Rymkevitch knew of plaintiff's position with the Center does not preclude defendant from contesting his obligation between the parties here. It is no answer to say that the second employer having knowledge of the first employment should be held liable on his promise, because he could not be defrauded in the transaction. The contract itself is void as against public policy and good morals, and both parties thereto being *in pari delicto,* the law will leave them as it finds them (2 N. Y. Jur., Agency, § 230; *Auerbach* v. *Curie,* 119 App. Div. 175).

It is fundamental that an agent cannot take unto himself incompatible duties, or act in a transaction where he represents a person having an adverse interest. Where he does act for adverse interests he must necessarily be unfaithful to one or the other as the duties which he owes to his respective principals

are conflicting and incapable of faithful performance by the same person. No man can serve two masters (2 N. Y. Jur., Agency, § 203; *Lamdin* v. *Broadway Surface Adv. Corp.*, 272 N. Y. 133; *Elco Shoe Mfrs.* v. *Sisk*, 260 N. Y. 100, 103; *Klein* v. *Twentieth Century-Fox Int. Corp.*, 201 Misc. 132, affd. 279 App. Div. 989). The rules apply irrespective of good or bad faith and it is quite immaterial that there may have been no intention to defraud (*Carr* v. *National Bank & Loan Co.*, 167 N. Y. 375, affd. 189 U. S. 426; *Matter of People [Bond & Mtge. Guar. Co.]*, 303 N. Y. 423, 431). As Judge RAPALLO long ago said in *Bain* v. *Brown* (*supra*, pp. 288–289): '' When agents, and others acting in a fiduciary capacity, understand that these rules will be rigidly enforced, even without proof of actual fraud, the honest will keep clear of all dealings falling within their prohibition, and those dishonestly inclined will conclude that it is useless to exercise their wits in contrivances to evade it. Thus only can these rules be made useful in promoting fair dealing on the part of agents and trustees, and in preventing frauds.''

As agent for the Center, plaintiff was duty bound to insure complete and satisfactory performance of the construction work. As an agent of the defendant and interested in receiving one third of the net profits, plaintiff would always be under the temptation to minimize costs and cut corners. We find no merit in plaintiff's contention that the Center had knowledge of his agreement with the defendant. (See *Matter of People [Bond & Mtge. Guar. Co.], supra.*) It must be clearly shown that both principals are fully informed of every fact material to their interests and that they consent freely in the presence of such knowledge (3 C. J. S., Agency, § 141, p. 18). The disclosure cannot be '' indefinite and equivocal '' and as Judge CARDOZO said in *Wendt* v. *Fischer* (243 N. Y. 439, 443): '' If dual interests are to be served, the disclosure to be effective must lay bare the truth, without ambiguity or reservation, in all its stark significance.''

The judgment should be reversed, on the law and the facts, and complaint dismissed.

GIBSON, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Judgment reversed, on the law and the facts, and the complaint dismissed, without costs.