■ WILLIAM B. MAY CO., INC., Appellant, v MONACO ASSOCIATES et al., Respondents. — Order, Supreme Court, New York County, entered September 16, 1980, denying plaintiff-appellant's motion for summary judgment and granting the cross motion of the individual defendant, Louis Evangelista, to dismiss the complaint as against him, unanimously modified, on the law, to award partial summary judgment to appellant (May Co.) against defendant-respondent Monaco Associates (Monaco) on liability only, and the matter remanded for assessment of damages and otherwise affirmed, without costs. The facts with respect to liability were found by Special Term to be uncontested, and are as follows: that May Co., a licensed real estate broker, by its agent Ms. Stanforth, contacted Monaco in September, 1978

and arranged for the prospective purchasers, Mr. and Mrs. Reisman, to view the subject premises; that the property was shown to the Reismans later that month; that a meeting was held at Monaco's office in November, 1978, at which the Reismans offered to purchase the property for $275,000; that, although this offer was refused by defendant Evangelista, the Reismans indicated a willingness to increase their offer and Evangelista indicated a willingness to sell, "at the right price"; that, at this same meeting, Ms. Stanforth informed defendant that plaintiff would expect a commission if the title closed; that negotiations continued without Ms. Stanforth for about four months until a contract of sale for the purchase price of $295,000 was entered into between Monaco and the Reismans on March 5, 1979; that the closing took place and title passed on April 15, 1980. Paragraph 38 of the contract of sale reads: "Purchaser represents that it has not dealt with any broker in connection with the premises and that no broker is entitled to any commission other than W.B. May Co. Inc. (hereinafter called 'Broker') in connection with the sale of the premises. Purchaser warrants that it, or anyone on its behalf, has not dealt with any broker, other than Broker and agrees that the foregoing representation and warranty shall survive the delivery of the deed and shall inure to the benefit of the seller, and purchaser further agrees to give testimony to this effect in the event any action or proceeding shall be instituted by any broker in connection with this sale. Seller agrees to pay Broker all commissions as may become due and payable under a separate written agreement heretofore made by and between seller and said Broker." These facts leave no doubt as to liability, and Special Term should have granted partial summary judgment. Paragraph 38 represents an admission by defendants that plaintiffs rendered some services with respect to the transaction and are entitled to the reasonable value thereof. (See *Ficor, Inc. v National Kinney Corp.,* 67 AD2d 659.) Concur — Kupferman, J.P., Birns, Sandler, Carro and Fein, JJ.