■ Leonard Holzer, Doing Business as Leonard Holzer

ASSOCIATES, Respondent, v JOSEPH ROBBINS, Appellant.—In an action to recover damages for breach of a real estate brokerage contract, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Robbins, J.), entered February 26, 1987, as is in favor of the plaintiff and against it in the principal sum of $13,718.30.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In April 1981 the defendant placed a newspaper advertisement seeking real estate brokers to procure a tenant or purchaser for a commercial building in Brooklyn. The plaintiff responded to the advertisement and ultimately found a prospective tenant for the building. According to the plaintiff, the defendant and this party reached an agreement for the lease of the premises and were awaiting a formal drafting of a lease by the defendant's attorney. Thereafter, when the defendant refused to enter into the lease, the plaintiff requested his commission for having produced the prospective tenant. A few months later, the plaintiff introduced this same party to the defendant as a prospective buyer of the premises from the defendant and earned a commission from the purchaser for his services.

The defendant claims that the parties never reached an agreement on the lease terms since they could not resolve which of the parties to the lease would assume responsibility for certain bottling equipment left on the premises by a prior tenant which was subject to a chattel lien.

It is well settled that absent an agreement to the contrary, a real estate broker earns his commission when he produces a party who is ready, willing and able to purchase or lease on the terms set by the seller lessor *(see, Graff v Billet,* 101 AD2d 355, *affd* 64 NY2d 899; *see also, Lane-Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36; *Bigman Assocs. v Fox,* 133 AD2d 93). The trial court found, and the record supports the conclusion, that the parties reached an agreement on all of the essential terms of the lease and, accordingly, the plaintiff was entitled to his commission *(see, Lane-Real Estate Dept. Store v Lawlet Corp., supra; Wykagyl Agency v Rothschild,* 100 AD2d 934). The plaintiff's subsequently earned commission on the sale was part of a distinct transaction and did not affect his rights in connection with the lease.

We have examined the defendant's other contentions and find them to be without merit *(see, Rennert-Diana & Co. v*

*Costarino,* 128 AD2d 691). Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.