■ In the Matter of GLEN B. GOLDSTEIN et al., Peititoners, v DEPARTMENT OF STATE, DIVISION OF LICENSING SERVICES, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the Secretary of State, dated March 17, 1987, which after a hearing, found that the petitioners demonstrated untrustworthiness as real estate brokers and imposed a penalty.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

A broker may not buy from his principal without full and frank disclosure (see, 19 NYCRR 175.4; *Matter of Grant Realty v Cuomo,* 58 AD2d 251; see also, 11 NY Jur 2d, Brokers, § 35, at 380-381). There is substantial evidence in the record to support the Hearing Officer's findings and conclusions that the petitioners breached their fiduciary duties of good faith and loyalty to the coprincipals in the McLaughlin/Harris matter by offering to purchase the property without full and frank disclosure of all the facts (see, *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Further, because of a broker's fiduciary duties, he has the affirmative duty not to act for a party whose interests are adverse to those of the principal, unless he has the consent of the principal given after full knowledge of the facts (see, *Hasbrouck v Rymkevitch,* 25 AD2d 187; 11 NY Jur 2d, Brokers, § 36; 3 NY Jur 2d, Agency, § 201). Accordingly, he cannot act as agent for both seller and purchaser of property in a real estate transaction (see, 11 NY Jur 2d, Brokers, § 36). We find substantial evidence to support the hearing officer's findings and conclusions that the petitioners acted as dual agents in the Busch transaction (see, *300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra*).

Finally, we reject the petitioners' contention that the six-month suspension and continued suspension thereafter until restitution of unearned fees and secret profits is made is shocking to one's sense of fairness (see, *Kostika v Cuomo,* 41 NY2d 673; *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Gold v Lomenzo,* 29 NY2d 468). Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.