■ HENRI-LYNN REALTY, INC., Appellant, v THOMAS HUANG et al., Respondents.—In an action to recover a real estate broker's commission, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated October 13, 1988, as denied its motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, with costs, that branch of the plaintiff's motion which was for summary judgment on the issue of liability is granted, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine the amount of the brokerage commission to which the plaintiff is entitled.

It is well established that, in the absence of an agreement to the contrary, a real estate broker will be deemed to have earned his commission when he produces a purchaser who is ready, willing and able to purchase at the seller's terms (see, Rusciano Realty Servs. v Griffler, 62 NY2d 696; Lane Real Estate Dept. Store v Lawlet Corp., 28 NY2d 36; Levy v Lacey, 22 NY2d 271; Skalky Realty v Willens, 144 AD2d 405; Holzer v Robbins, 141 AD2d 505; Connor v Jean-Charles, 140 AD2d 291).

The plaintiff procured a purchaser who was ready, willing and able to purchase the property and who paid the defendants $600,000. The contract of sale and the rider thereto indicated that the plaintiff was the sole broker and that the seller, the defendant Thomas Huang, was obligated to pay the commission. As such, the plaintiff clearly earned its commission and Huang was obligated to compensate the plaintiff.

As the plaintiff tendered evidentiary proof sufficient to entitle it to summary judgment as a matter of law, the burden shifted to the defendants to controvert the plaintiff's evidence. In order to defeat a motion for summary judgment, the opponent of the motion must present evidentiary facts suffi-

cient to raise a triable issue of fact. Mere conclusory allegations are not sufficient (see, Zuckerman v City of New York, 49 NY2d 557; Rotuba Extruders v Ceppos, 46 NY2d 223; Freedman v Chemical Constr. Corp., 43 NY2d 260; Golden Hammer Auto Body Corp. v Consolidated Rail Corp., 151 AD2d 545; Mayer v McBrunigan Constr. Corp., 105 AD2d 774; Federal Deposit Ins. Corp. v Hyer, 66 AD2d 521).

In opposition to the plaintiff's motion, the defendants have set forth only conclusory and unsubstantiated allegations of improper conduct by the plaintiff. Therefore, the plaintiff should have been granted summary judgment as to the issue of liability.

However, the purported brokerage agreement is not signed by Thomas Huang as seller and is missing certain essential terms. We therefore conclude that this agreement cannot be used to set the amount of the brokerage commission and the matter is remitted for a hearing to ascertain the amount of such commission. Mangano, J. P., Kunzeman, Eiber and Harwood, JJ., concur.