■ HOLIDAY MANAGEMENT ASSOCIATES, INC., Appellant-Respondent, v VINCENT M. ALBANESE, Respondent-Appellant.—In an action to recover a real estate brokerage commission, (1) the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated December 20, 1989, as denied its motion for summary judgment, and granted so much of the defendant's cross motion as sought to conditionally strike the complaint, and for leave to amend the answer, and (2) the defendant cross-appeals from so much of the order as denied that branch of his cross motion which was to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, the plaintiff's motion is granted to the extent of granting it summary judgment on the issue of liability, the defendant's counterclaim is severed, and the defendant's cross motion is denied in its entirety; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for an inquest on the issue of damages; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

"The general rule is that a broker who 'produces a person ready and willing to enter into a contract upon his employer's terms * * * has earned his commission' " *(Feinberg Bros. Agency v Berted Realty Co.,* 70 NY2d 828, 830, quoting from

*Tanenbaum v Boehm,* 202 NY 293, 299; *see also, Holzer v Robbins,* 141 AD2d 505).

In this case, there is no dispute that the defendant employed the plaintiff's services as a broker to sell his property and that the plaintiff's efforts and negotiations procured a purchaser, resulting in the execution of a contract, dated February 9, 1989, for the sale of the premises for the sum of $860,000. Paragraph 8 of the contract of sale provides as follows: "Purchaser represents that Purchaser has not dealt with any broker in connection with this sale other than Millie Marsh of Holiday Management Associates, Inc., and Seller agrees to pay broker any commission which may be due pursuant to separate agreement".

Under the circumstances, the plaintiff is entitled to summary judgment on the issue of liability and the matter is remitted to the Supreme Court for an inquest to assess damages. The defendant's counterclaim for damages, emanating from an alleged breach of fiduciary duty, is severed from the main action for recovery of the plaintiff's brokerage commission. Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.