■ TRYLON REALTY OF GREAT NECK, INC., Respondent, v JERRY ROTH et al., Appellants.—In an action to recover a brokerage commission from the purchasers of a cooperative apartment, the defendants appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated October 2, 1990, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Trylon Realty of Great Neck, Inc. (hereinafter Trylon) commenced the instant action to recover a brokerage fee from the purchasers of an apartment based on a brokerage agreement between Trylon and the purchasers. The owner listed his apartment for sale or for rent with Trylon, and Trylon was to collect its fee from the owner if the apartment were sold, and the tenant if the apartment were rented. In or about 1987 the defendants rented the apartment, and signed a brokerage agreement with Trylon agreeing to pay a fee of one month's rent to Trylon, and one-half month's rent for each additional year they rented the apartment in the future. In 1989, the defendants purchased the apartment, and thereafter, Trylon demanded from them 6% of the sale price as its fee in

connection with the purchase. When the defendants refused to pay the fee, Trylon brought this action.

We find that the court improperly denied the defendants' motion for summary judgment dismissing the complaint. A real estate broker is in a fiduciary relationship to his/her client, and therefore "has the affirmative duty not to act for a party whose interests are adverse to those of the principal, unless he has the consent of the principal given after full knowledge of the facts * * *. Accordingly [a broker] cannot act as agent for both seller and purchaser of property in a real estate transaction" *(Matter of Goldstein v Department of State, Div. of Licensing Servs.,* 144 AD2d 463, 464). In this case, Trylon's listing agreement with the seller establishes that the seller agreed to pay Trylon a commission on the sale of the apartment, a fact which Trylon's agent acknowledged in her examination before trial. Trylon, therefore, could not act as agent for the defendants, and collect a fee from the defendants upon the sale. Mangano, P. J., Thompson, Eiber and Ritter, JJ., concur.