■ SAUERHOFF-KESSLER REALTY CORP., Respondent, v ROMA SHOPPING PLAZA, INC., Appellant. [607 NYS2d 404] —In an action to recover a real estate brokerage commission, the defendant appeals, as limited by its brief, from so much of an order and

judgment (one paper) of the Supreme Court, Richmond County (Sangiorgio, J.), dated December 18, 1991, as granted the plaintiff's motion for summary judgment on its first cause of action.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

"It is well settled that absent an agreement to the contrary, a real estate broker earns his commission when he produces a party who is ready, willing and able to purchase or lease on the terms set by the seller lessor" *(Holzer v Robbins,* 141 AD2d 505, 506). However, a broker and his principal may depart from the general rule and, by agreement, require the performance of an additional event *(see, e.g., Bigman Assocs. v Fox,* 133 AD2d 93; *Williamson, Picket, Gross v Hirschfeld,* 92 AD2d 289).

The appellant contends that the respondent is not entitled to a commission because it violated a fiduciary duty by procuring an insolvent, non-viable tenant. However, it was the appellant who negotiated the lease, pursuant to which the tenant took occupancy, which occupancy was the singular additional event required for the brokerage commission to be earned. The subsequent default by the tenant on its obligations shortly after assuming occupancy does not effect the broker's ability to recover a commission pursuant to the brokerage agreement *(see, Agency, Broad & Cornelia St. v Lavigne,* 97 AD2d 934). Bracken, J. P., Pizzuto, Joy and Goldstein, JJ., concur.