■ ALDEN B. SMITH, Plaintiff, v JOSEPH WALSH et al., Defendants-Appellants, et al., Defendant, and CENTURY 21 A.L.P., Defendant-Respondent. [619 NYS2d 578] —In an action to recover a real estate brokerage commission, the defendants Joseph Walsh and Sarah Walsh appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Rockland County (Bergerman, J.), dated January 20, 1993, as granted the cross motion by the defendant Century 21 A.L.P. for summary judgment on its cross claim, and (2) so much of a judgment of the same court, dated February 22, 1993, as was against them and in favor of the defendant Century 21 A.L.P. in the principal sum of $14,610.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the defendant-respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment on the counterclaim *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

"It is fundamental that a real estate broker earns its commission when it produces a buyer who is ready, willing and able to purchase the subject property under the terms offered by the seller * * * In the absence of an agreement to the contrary, the broker's right to compensation is not dependent upon the performance of the realty contract" *(Blackman DeStefano Real Estate v Smith,* 157 AD2d 932, 934; *Holzer v Robbins,* 141 AD2d 505, 506; *see generally,* 10 Williston, Contracts § 1287, at 957).

There is no such agreement to the contrary here, and, accordingly, the Supreme Court properly awarded the defendant broker Century 21 A.L.P. summary judgment on its cross claim for a brokerage commission. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.