■ NICHOLAS SYRAGAKIS, Also Known as NICHOLAS SYRACUSE, Respondent, v MAJESTIC ASSOCIATES et al., Appellants. [659 NYS2d 984] —In an action to recover a real estate brokerage commission, the defendants appeal from a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), entered June 11, 1996, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $251,590.

Ordered that the judgment is affirmed, with costs.

The law is clear that a broker who produces a person ready and willing to enter into a contract on the seller's terms has earned his or her commission (*see, Feinberg Bros. Agency v Berted Realty Co.*, 70 NY2d 828, 830; *B&H Assocs. v Buscemi*, 229 AD2d 456; *Miller Org. v Vasap Constr. Corp.*, 184 AD2d 763, 764; *Holiday Mgt. Assocs. v Albanese*, 173 AD2d 775; *Taibi v American Banknote Co.*, 135 AD2d 810). The dispute in this case involves the plaintiff's assertion that he was due a commission upon the procurement of a ready and willing purchaser, versus the defendants' assertion that the plaintiff was only due a commission upon the closing of title.

The decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached by any fair interpretation of the evidence, especially in cases resting in large part on the credibility of witnesses (*see, Thoreson v Penthouse Intl.*, 80 NY2d 490, 495). Here, a review of the record supports the trial court's conclusion that the plaintiff earned his brokerage commission by procuring a ready and willing purchaser of the subject properties on the defendants' terms.

We have reviewed the defendants' remaining contentions and find them to be without merit. Miller, J. P., Copertino, Sullivan and Pizzuto, JJ., concur.