■ COOK/PONY FARM REAL ESTATE INC., Respondent, v RICHARD SULLIVAN et al., Appellants. [673 NYS2d 332] —In an action to recover a real estate broker's commission, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Berler, J.), entered July 10, 1997, which, after a non-jury trial, is in favor of the plaintiff and against them in the principal sum of $20,550.

Ordered that the judgment is affirmed, with costs.

The plaintiff earned its real estate broker's commission by procuring a buyer who was ready, willing, and able to purchase the defendants' property in accordance with the defendants' terms (*see, Sauerhoff-Kessler Realty Corp. v Roma Shopping Plaza*, 201 AD2d 477, 478; *see also, Holzer v Robbins*, 141 AD2d 505, 506). O'Brien, J. P., Sullivan, Pizzuto and Joy, JJ., concur.

■ MICHAEL CRITELLI et al., Plaintiffs, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK et al., Defendants and Third-Party Plaintiffs-Appellants. RICHARD TERRANOVA CONSTRUCTION CORPORATION, Third-Party Defendant-Respondent. [673 NYS2d 917] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated March 31, 1997, as denied, without prejudice to renew, their motion for summary judgment against the third-party defendant.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment on the issue of liability for breach of a provision of the contract requiring the respondent to obtain insurance, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

The respondent does not dispute that it breached its contract to provide insurance. Although issues of fact exist as to whether the appellant Polera Building Corp. purchased its own insurance, which would limit damages for the respondent's contractual breach to the cost of that insurance, summary judgment is warranted as to liability (*see, Mavashev v Shalosh Realty*, 233 AD2d 301; *Doyle v B3 Deli*, 224 AD2d 478). O'Brien, J. P., Thompson, Friedmann and Goldstein, JJ., concur.