■ In the Matter of TRI-STATE CONSUMER INSURANCE COMPANY, Respondent, v MIRIAM DABUSH, Appellant. [695 NYS2d 414] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.H.O.), dated November 9, 1998, which, after a hearing, granted the petition and permanently stayed arbitration.

Ordered that the order is affirmed, with costs.

It is well established that the determination of the fact-finding court should not be disturbed on appeal unless the court's conclusions could not be reached by any fair interpretation of the evidence, especially in cases resting in large part on the credibility of witnesses (*see, Thoreson v Penthouse Intl.,* 80 NY2d 490; *Matter of Allstate Ins. Co. v McMahon,* 251 AD2d 571; *Matter of Aetna Life & Cas. v Gramazio,* 242 AD2d 530; *Syragakis v Majestic Assocs.,* 240 AD2d 561). The Supreme Court's determination that the respondent failed to ascertain the identity of either the operators or the owners of the other vehicles involved in the accident through reasonable efforts is supported by a fair interpretation of the evidence. Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.