■ MICHAEL PILEWSKI, Plaintiff, v ROGER K. SOLYMOSY et al., Defendants. BRODY & FABIANI, Third-Party Plaintiff-Respondent, v JAMES J. TOOMEY, Third-Party Defendant-Appellant. [698 NYS2d 660] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered December 10, 1998, which denied the motion of third-party defendant James J. Toomey seeking to dismiss the third-party complaint brought against him by defendant Brody & Fabiani, unanimously reversed, on the law, without costs, the motion granted and the third-party complaint dismissed. The Clerk is directed to enter judgment in favor of the third-party defendant-appellant dismissing the third-party complaint.

In 1983, plaintiff was hit in the head by a rock thrown through a bus window by an unknown person. Then 15 years old, plaintiff was rendered mute and paraplegic. Plaintiff's father retained third-party defendant James J. Toomey, Esq., then associated with defendant Brody & Fabiani's predecessor. The firm determined that an action for medical malpractice would lie against the physicians who treated plaintiff for his injuries. Brody & Fabiani referred the matter to defendant Roger K. Solymosy, Esq., who is alleged to have neglected the matter, with the result that the insurer of two of the doctors was placed into receivership in the interim.* The medical malpractice action was ultimately settled in 1990 for $2.5 million by third-party defendant Toomey, who had by then left defendant Brody & Fabiani.

The instant action seeking damages for legal malpractice and breach of contract was not commenced until 1996. It is the theory of the complaint that, had the underlying medical malpractice action been promptly prosecuted, plaintiff would have received a significantly larger recovery. It states that, in connection with the 1988 liquidation, the Superintendent of Insurance imposed a limitation of $1 million per policy on payments made to covered persons, thereby limiting the eventual settlement. It seeks damages for defendant law firm's negligence in prosecuting the action. Plaintiff's bill of particulars adds the al-

---

* Defendant Solymosy has not appeared in this action.

legation that defendant breached "its contractual obligation to properly prosecute the underlying medical malpractice [action]".

In April 1998, Brody & Fabiani filed the third-party complaint alleging that it was Toomey's negligence in prosecuting the action that caused plaintiff to sustain this loss, and demanding, in the alternative, either full indemnification or contribution toward any recovery by plaintiff against the firm. Toomey moved to dismiss the third-party complaint on the ground that the Statute of Limitations bars recovery in tort and, therefore, third-party plaintiff's only viable claim sounds in contract, for which no indemnification or contribution is available. Supreme Court had denied a similar motion brought by defendant law firm on the ground that CPLR 214 (6), which requires professional malpractice claims to be commenced within three years whether framed either as tort or contract actions, is to be applied prospectively only (*Ruffolo v Garbarini & Scher*, 239 AD2d 8).

Defendant Brody & Fabiani argues that the effect of Supreme Court's ruling, which was not appealed, is to preserve the tort aspect of plaintiff's malpractice action. The firm notes that the original complaint sounds in malpractice only, without alleging breach of contract. It further notes that the firm's own amended third-party complaint alleges negligence as the exclusive basis for indemnification or contribution.

Supreme Court denied third-party defendant Toomey's motion to dismiss, stating that "the third-party action falls within the well settled pattern of an attorney sued for legal malpractice who seeks indemnification or contribution against a subsequently retained attorney for aggravation of plaintiff's damages" (citing *Schauer v Joyce*, 54 NY2d 1). However, *Schauer* expounds upon a tort theory of malpractice which is not applicable in this case. It is clear that, as of January 1996, when plaintiff commenced his legal malpractice action against Brody & Fabiani, a contract claim was viable under the six-year Statute of Limitations of CPLR 213, but a tort claim was barred under the three-year limitations period of CPLR 214. Moreover, while tort and contract theories may be pleaded in the alternative, the law generally does not permit recovery in tort where the complaint states a legally sufficient claim sounding in contract (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389; *IBM Credit Fin. Corp. v Mazda Motor Mfg. [USA] Corp.*, 152 AD2d 451, 453 ["In the absence of a breach of duty, independent of the contract, which results in injury, a tort claim will not lie."]). The Court of Appeals has observed

that the basis of a claim for legal malpractice, whether advanced as a tort or contract cause of action, is the retainer agreement between counsel and client (*Santulli v Englert, Reilly & McHugh*, 78 NY2d 700, 707, quoting *Sears, Roebuck & Co. v Enco Assocs.*, 43 NY2d 389, 396). However, while the Court has regarded professional malpractice as encompassing elements of both tort and contract law, where the action is commenced within three years, the plaintiff is required to elect the theory of recovery (*Sears, Roebuck & Co. v Enco Assocs., supra*, at 396-397). In any event, the Statute of Limitations applicable to tort claims bars assertion of that theory in the instant matter, and what remains of plaintiff's case sounds in contract. As the Court of Appeals stated the principle in *Sears* (*supra*, at 396), "because this action was not commenced within three years after accrual of the [cause of action], proof on the issue of damages should be limited to that admissible under the law of damages for contract liability."

Contribution pursuant to CPLR 1401 is unavailable in the context of a contract action. As the Court of Appeals has noted, "purely economic loss resulting from a breach of contract does not constitute 'injury to property' within the meaning of New York's contribution statute" (*Board of Educ. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 26). Furthermore, as this Court has observed, in a professional malpractice case, the defendant, "merely by invoking the language of tort in its third-party complaint and stating that liability arises from 'culpable conduct, want of care and breach of contract', cannot transform [the] action into one which sounds in tort" (*SSDW Co. v Feldman-Misthopoulos Assocs.*, 151 AD2d 293, 295, citing *Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., supra*, at 390).

As to indemnity, defendant Brody & Fabiani has not demonstrated that, in undertaking representation of plaintiff, it has been "unfairly required to discharge a duty that should have been discharged by another, such that a contract to indemnify should be implied by law" (*Board of Educ. v Sargent, Webster, Crenshaw & Folley, supra*, at 29). Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.