■ In the Matter of AMERICAN HOME ASSURANCE COMPANY, Respondent, v ROBERT MUNOZ et al., Respondents, and INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY et al., Appellants. [731 NYS2d 850] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Interboro Mutual Indemnity Insurance Company and Augustine Collora, Jr., appeal (1) from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.H.O.), entered August 16, 2000, which granted the petition, and (2), as limited by their brief, from so much of an order of the same court, dated March 19, 2001, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order entered August 16, 2000, is dismissed, as that order was superseded by the order dated March 19, 2001, made upon reargument; and it is further,

Ordered that the order dated March 19, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent American Home Assurance Company is awarded one bill of costs.

"The decision of the fact-finding court should not be disturbed on appeal unless the court's conclusions could not be reached on any fair interpretation of the evidence, especially in cases resting in large part on the credibility of witnesses" (*Matter of*

*Government Empls. Ins. Co. v Allen,* 279 AD2d 576; *see, Matter of State Farm Mut. Auto. Ins. Co. v Mucerino,* 275 AD2d 464; *Matter of Tri-State Consumer Ins. Co. v Dabush,* 264 AD2d 848; *Matter of Allstate Ins. Co. v McMahon,* 251 AD2d 571). A review of the record supports the Supreme Court's determination that the vehicle owned by the appellant Augustine Collora, Jr., and insured by the appellant Interboro Mutual Indemnity Insurance Company (hereinafter Interboro) was involved in the accident at issue. As there was no dispute that Collora's vehicle was insured by Interboro at the time of that accident, the Supreme Court properly granted the petition to stay arbitration. O'Brien, J. P., Friedmann, Smith and Cozier, JJ., concur.