■ QUEENS STRUCTURE CORP. et al., Plaintiffs, v JAY LAWRENCE ASSOCIATES, INC., et al., Appellants, RELATED COMPANIES, L.P., et al., Respondents, et al., Defendants. [758 NYS2d 664] —In an action, inter alia, to recover damages for breach of fiduciary duty, the defendant Jay Lawrence Associates, Inc., appeals (1) from so much of an order of the Supreme Court, Queens County (Golia, J.), dated August 10, 2001, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, and on its cross claim to recover $257,000 from the defendant Home Depot U.S.A., Inc., allegedly due pursuant to a consulting agreement, (2), as limited by its brief, from so much of an order of the same court dated March 11, 2002, as granted the renewed motion of the defendants Related Companies, L.P., Related Retail Corporation, and Home Depot

U.S.A., Inc., for leave to deposit in court the disputed sum of $257,000, and (3) from so much of an order of the same court dated March 11, 2002, as denied its cross motion for leave to amend its answer to assert a cross claim against the defendants Related Companies, L.P., Related Retail Corporation, and Home Depot U.S.A., Inc., for contribution, and the defendant Lawrence J. Mattera appeals from so much of the order dated March 11, 2002, as granted the renewed motion of the defendants Related Companies, L.P., Related Retail Corporation, and Home Depot U.S.A., Inc., for leave to deposit in court the disputed sum of $257,000.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The appellants are real estate brokers who, together with the defendants Princeton Partners, LLC, and James Massaro, represented the plaintiff sellers for a commission of $367,000 with respect to the plaintiffs' sale of a parcel of real property. The appellants also entered into an agreement with the prospective purchasers Related Companies, L.P., and Related Retail Corporation (hereinafter collectively Related) whereby Related agreed to pay the appellants a "consulting fee" of 2% of the purchase price. Thereafter, Related and Home Depot USA, Inc. (hereinafter Home Depot), entered into an agreement assigning Related's rights to purchase the property to Home Depot and the appellants agreed to share the consulting fee with their co-brokers.

At the closing, the plaintiffs paid the appellants and their co-brokers Princeton Partners, LLC, and its principal, James Massaro, their commission of $367,000. However, Home Depot refused to pay the 2% "consulting fee" amounting to $257,000 without the plaintiffs' consent. The $257,000 was placed in escrow.

The plaintiffs sued the appellants and their co-brokers to recover damages for breach of fiduciary duty and joined as codefendants Related and Home Depot. The appellants moved, inter alia, for summary judgment, and Home Depot moved for leave to deposit the $257,000 in court pursuant to CPLR 1006 (a). The Supreme Court denied summary judgment, and authorized Home Depot to deposit the $257,000 in court.

The appellants, as real estate brokers working for the plaintiffs, had an affirmative duty not to act for the purchaser Related or its assignee Home Depot unless the plaintiffs had full knowledge of the facts (*see Goldstein v Department of State, Div. of Licensing Servs.,* 144 AD2d 463 [1988]; *Trylon Realty of*

*Great Neck v Roth,* 187 AD2d 715 [1992]). The appellants failed to establish their entitlement to judgment as a matter of law to the $257,000 fee. Accordingly, summary judgment was properly denied and the Supreme Court properly authorized the payment of that sum into court pursuant to CPLR 1006 (a).

Since the appellants' proposed cross claim for contribution does not arise from a cause of action to recover damages for personal injuries, injury to property, or wrongful death, contribution does not lie (*see* CPLR 1401; *Pilewski v Solymosy,* 266 AD2d 83 [1999]). Florio, J.P., S. Miller, Goldstein and Adams, JJ., concur.