■ HALSTEAD BROOKLYN, LLC, Respondent, v 96-98 BALTIC, LLC, Appellant, et al., Defendant. [854 NYS2d 437]—

Where a contract of sale or lease admits the broker's performance of services and includes an express promise by the seller to pay the commission, the broker is entitled to summary judg-

ment on its claim for commissions (*see Joseph P. Day Realty Corp. v Chera*, 308 AD2d 148 [2003]; *Helmsley-Spear, Inc. v New York Blood Ctr.*, 257 AD2d 64 [1999]; *Holiday Mgt. Assoc. v Albanese*, 173 AD2d 775 [1991]; *May Co. v Monaco Assoc.*, 80 AD2d 798 [1981]).

Here, there is no dispute that the contract of sale identified the plaintiff's predecessor-in-interest as the sole broker and obligated the appellant to pay the commission. As such, the plaintiff clearly earned its commission, and the appellant was obligated to compensate the plaintiff (*see Henri-Lynn Realty v Huang*, 159 AD2d 486 [1990]). As the plaintiff tendered evidentiary proof on the issue of liability sufficient to entitle it to judgment as a matter of law, the burden shifted to the appellant to controvert the plaintiff's evidence (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition to the plaintiff's motion, the appellant failed to raise a triable issue of fact on the issue of liability, and thus the Supreme Court properly awarded the plaintiff summary judgment on that issue.

However, the purported brokerage agreement was not signed by a managing member of the appellant, a limited liability corporation, in accordance with the operating agreement (*see* Limited Liability Company Law § 412 [b] [1]). Therefore, this agreement could not be relied upon to establish the amount of the brokerage commission due, and the matter must be remitted to the Supreme Court, Kings County, for a hearing to determine the amount of the commission to which the plaintiff is entitled (*see Eileen A. Green Realty Corp. v Polidori*, 224 AD2d 384 [1996]; *Henri-Lynn Realty v Huang*, 159 AD2d 486 [1990]).

The appellant's remaining contentions are without merit. Spolzino, J.P., Florio, Miller and Dickerson, JJ., concur.