■ LAURA LYONS et al., Respondents, v MENOUDAKOS & MENOUDAKOS, P.C., Defendant, and PETER MENOUDAKOS, JR., Appellant. [880 NYS2d 509]—

In an action, inter alia, to recover damages for tortious interference with prospective contractual relations, the defendant Peter Menoudakos, Jr., appeals from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated November 14, 2007, as denied that branch of his motion which was for summary judgment dismissing the fourth cause of action for tortious interference with prospective contractual relations insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

To establish a claim of tortious interference with prospective contractual relations, the plaintiff must prove that the defendant engaged in culpable conduct which interfered with a prospective contractual relationship between the plaintiff and a third party (*see NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 621 [1996]; *Smith v Meridian Tech., Inc.*, 52 AD3d 685 [2008]). As a general rule, such culpable conduct must amount to a crime or an independent tort, and may include "[w]rongful means," defined as "physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure . . . . [M]ere knowing persuasion would not be sufficient" (*Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 191, 196 [1980]; *see Carvel Corp. v Noonan*, 3 NY3d 182, 190-193 [2004]; *Smith v Meridian Tech., Inc.*, 52 AD3d at 687).

The defendant Peter Menoudakos, Jr. (hereinafter the defendant), as the attorney for the seller of real property, had an ethical obligation to avoid a personal interest in the transaction which might affect his professional judgment on behalf of his client (*see* Code of Professional Responsibility DR 5-101 [a] [22 NYCRR 1200.20 (a)]; Code of Professional Responsibility DR 5-104 [a] [22 NYCRR 1200.23 (a)]). Evidence of a violation of a disciplinary rule is relevant to the question of tort liability (*see Tabner v Drake*, 9 AD3d 606, 610 [2004]; *William Kaufman Org. v Graham & James*, 269 AD2d 171, 173 [2000]). Moreover, a fiduciary's personal interest in a transaction constitutes evidence of self-dealing or breach of fiduciary duty (*see Dubbs v Stribling & Assoc.*, 96 NY2d 337, 340 [2001]; *Queens Structure Corp. v Jay Lawrence Assoc.*, 304 AD2d 736 [2003]; *Matter of Goldstein v Department of State, Div. of Licensing Servs.*, 144 AD2d 463, 464 [1988]).

The defendant failed to make a prima facie showing of his entitlement to judgment as a matter of law on the cause of action seeking to recover damages for tortious interference with prospective contractual relations (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The evidence he submitted on this issue failed to eliminate the existence of a triable issue as to whether his professional judgment was affected by his personal business interests in wishing to purchase the real property, and whether he furthered said interests by making misrepresentations to the seller about the creditworthiness of the plaintiff Laura Lyons, thereby wrongfully interfering with the transaction (*see Smith v Meridian Tech., Inc.*, 52 AD3d

685 [2008]; *cf. Carvel Corp. v Noonan*, 3 NY3d 182 [2004]). Accordingly, the Supreme Court properly denied that branch of his motion regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Mastro, J.P., McCarthy, Leventhal and Belen, JJ., concur.