(May 5, 2011)

■ DOUGLAS ELLIMAN LLC, Appellant-Respondent, v FRANKLIN TRETTER et al., Respondents-Appellants. [922 NYS2d 74]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered April 6, 2010, which denied plaintiff's and defendants' motions for summary judgment, modified, on the law, to grant plaintiff's motion, and otherwise affirmed, without costs.

On July 22, 2008, the defendants, Franklin and Sheila Tretter, retained plaintiff Douglas Elliman Real Estate to sell their cooperative apartment, 785 Park Avenue, apartment 11C. Ms. Barbara Lockwood was the Douglas Elliman broker in charge of the exclusive agency listing. The brokerage agreement contained an asking price of $1.65 million and provided for a 6% commission due to Douglas Elliman from the proceeds of the sale. Ms. Lockwood arranged for a photo shoot and preparation of the floor plan, and she began to show the Tretters' apartment at open houses and by appointment. On November 3, 2008, an individual who ultimately would not purchase the apartment made an oral offer of $1.5 million, which was acceptable to the Tretters, subject to the cooperative board's approval. This deal fell through on November 20, 2008 because the prospective purchaser's father, the would-be guarantor, refused to provide the requisite financial information to the cooperative board. Meanwhile, on November 7, 2008, Ms. Lockwood met Taurie Zeitzer at an open house in the Tretters' apartment. Throughout November, while the initial bidder was providing all the information necessary for the board package, Lockwood communicated with Ms. Zeitzer and her husband via e-mail, offering to show them additional apartments, including another apartment at 785 Park Avenue. In total, Lockwood showed Ms. Zeitzer and her husband five other properties. However, within a week after the deal with the initial bidder fell through, Lockwood revisited apartment 11C with them, and Ms. Zeitzer and her husband began negotiations for the purchase of that residence. Before November 26, 2008, Ms. Zeitzer and her husband made an offer of $1.4 million. As this offer was $100,000 less than the previous bidder's offer, Mr. Tretter asked to meet with Ms. Lockwood. This meeting apparently took place

on December 1, 2008. On December 9, 2008, Lockwood sent Mr. Tretter the deal sheet, which listed a reduced $70,000 commission (5% of $1.4 million). On December 16, 2008, two days before the contract was signed, Douglas Elliman confirmed in writing its agreement to reduce its commission from 6% to 5%.

On December 18, 2008, the Tretters entered into a contract with Ms. Zeitzer and her husband to sell their apartment for $1.4 million. The contract listed Ms. Lockwood as the broker, and it explicitly stated that the sellers were responsible for paying the broker's commission. The buyers were represented by counsel on the contract, and Mr. Tretter, an attorney, represented himself and his wife. The contract explicitly provides a purchase price of $1.4 million (para 1.16), and states that the sellers are solely responsible for the broker's commission (para 12.2). After signing the contract, Ms. Zeitzer's father assisted in securing cooperative board approval and negotiating unresolved board issues directly with the Tretters. On February 27, 2009, Douglas Elliman sent a letter to the buyers' attorney, asking that the commission either be paid to it or held in escrow pending the resolution of any dispute with the Tretters. The closing took place on March 6, 2009.

On April 20, 2009, Douglas Elliman commenced this action for its $70,000 commission. In their answer, the Tretters asserted that the firm was not entitled to a commission because Lockwood breached her fiduciary duties to them. The parties moved and cross-moved for summary judgment. The court denied both motions, finding issues of fact whether Lockwood acted as a dual agent. Both parties appeal.

We find as a matter of law that Ms. Lockwood did not act as a dual agent. A real estate broker is deemed to have earned his or her commission when he or she produces a buyer who is ready, willing and able to purchase the property, and who is in fact capable of doing so (*Rusciano Realty Servs. v Griffler*, 62 NY2d 696 [1984]; *Halstead Brooklyn, LLC v 96-98 Baltic, LLC*, 49 AD3d 602 [2008]). During the process of facilitating a real estate transaction, the broker owes a duty of undivided loyalty to its principal (*Dubbs v Stribling & Assoc.*, 96 NY2d 337, 340 [2001]). If this duty is breached, the broker forfeits his or her right to a commission, regardless of whether damages were incurred (*Wendt v Fischer*, 243 NY 439 [1926]).

It is undisputed that Lockwood was the Tretters' agent. The Tretters' contend that Ms. Lockwood breached her duty of loyalty to them, by assuming, through her actions and statements, the role of agent for Ms. Zeitzer and her husband in the purchase of the Tretter apartment. Were this so, Lockwood

would be considered a dual agent, with a duty to disclose her divided loyalties and obtain the parties' consent thereto (*see Matter of Goldstein v Department of State, Div. of Licensing Servs.*, 144 AD2d 463 [1988]; *Queens Structure Corp. v Jay Lawrence Assoc.*, 304 AD2d 736, 737 [2003]).

In our view, there are no issues of fact material to the question of dual agency. Douglas Elliman met its burden on its motion by submitting: (1) the executed contract for the sale of the Tretters' apartment, signed by both Mr. Tretter, acting as counsel for the sellers, and an independent attorney for the buyers, explicitly stating that Lockwood was the broker who facilitated the transaction and that the sellers assumed responsibility for paying her commission; (2) Douglas Elliman's agreement with the Tretters to reduce its contractually negotiated commission from 6% to 5% if the deal between the Tretters and Ms. Zeitzer and her husband went through; and (3) deposition testimony and affidavits detailing the events leading up to and following the closing on the sale.

In opposition, the Tretters failed to present facts supporting their contention that Ms. Lockwood also acted as agent for Ms. Zeitzer and her husband for the purchase of their apartment (*see Sonnenschein v Douglas Elliman-Gibbons & Ives*, 96 NY2d 369, 374-375 [2001]). Ms. Lockwood had a signed exclusive agency agreement with the Tretters. She had no similar agreement with Ms. Zeitzer and her husband, and she received no remuneration from them. Ms. Lockwood's actions indicate that she wanted this transaction to close, and Douglas Elliman's submissions support the conclusion that she ultimately obtained permission to reduce her own commission to bring the parties to an agreement. The negotiated contract was signed by both sellers and buyers, it listed Ms. Lockwood as the agent, and it explicitly stated that the sellers were exclusively responsible for her fee.

The Tretters point to the fact that, unbeknownst to them, Ms. Lockwood showed Ms. Zeitzer and her husband a number of other apartments. However, absent an agreement with the Tretters to the contrary, Ms. Lockwood owed them no duty to refrain from doing so (*see Sonnenschein*, 96 NY2d at 375-376). Moreover, Ms. Lockwood testified that she showed Ms. Zeitzer and her husband apartment 10C in the Tretters' building because it needed substantial work and would demonstrate that apartment 11C was better suited to their needs. Thereafter, between November 7 and November 25, 2008, Lockwood communicated with the buyers about other properties, and showed them some of those apartments. However, the vast majority of

these efforts were conducted during a period of time when there was an accepted offer on apartment 11C by another individual, and within a week after that deal fell through, Ms. Lockwood revisited apartment 11C with Ms. Zeitzer and her husband, and they began negotiating to purchase that residence.

The Tretters also cite Ms. Lockwood's deposition testimony that, in viewing other properties, she was the "agent for the buyers." However, this statement alone is insufficient to demonstrate that Lockwood acted as a dual agent in negotiating the sale of the Tretters' apartment (see TD Waterhouse Inv. Servs., Inc. v Integrated Fund Servs., Inc., 2003 WL 42013, *14, 2003 US Dist LEXIS 70, *40-41 [SD NY 2003]).

The dissent points to statements made by Ms. Lockwood, to the buyers' attorney, that there was a "problem" with the deal, and, in the same conversation, that Ms. Zeitzer and her husband were her "customers." It also notes the fact that Ms. Lockwood showed Zeitzer and her husband another apartment in the building over Mrs. Tretter's alleged "strenuous" objection, and Ms. Zeitzer's father's opinion that problems with the consummation of the transaction stemmed from the fact that Lockwood was a dual agent. Viewed collectively, these facts fail to raise a material issue of fact as to dual agency.

It is uncontested that Lockwood found buyers who were ready, willing and able to purchase their apartment, who were capable of doing so (with the assistance of a guarantor), and whose offer matured into a signed contract, cooperative board approval, and a closing transferring ownership of the apartment to them. Thus, Douglas Elliman is entitled to the reduced 5% commission negotiated by the parties to this transaction in a letter agreement as a matter of law (Halstead Brooklyn, supra). Accordingly, we grant the firm's motion for summary judgment. Concur—Gonzalez, P.J., Tom, Sweeny and Richter, JJ.

Manzanet-Daniels, J., dissents in a memorandum as follows: It is elementary that a real estate broker is a fiduciary with a duty of loyalty to act in the best interests of the principal. Where a broker's interests or loyalties are divided by reason of a personal stake in the transaction or the representation of multiple parties, the broker must disclose to the principal the material facts illuminating the broker's divided loyalties. Plaintiff, as a real estate broker for defendant sellers, had an affirmative duty not to act for the buyers unless defendant sellers had full knowledge of the facts and consented to the dual agency (see Matter of Goldstein v Department of State, Div. of Licensing Servs., 144 AD2d 463 [1988]; Queens Structure Corp. v Jay Lawrence Assoc., 304 AD2d 736, 737 [2003]).

The record evidence in this case reveals the existence of a triable issue of fact as to whether the broker was also representing the buyers in the transaction. Barbara Lockwood, the broker involved, acknowledged at deposition that she was the buyers' agent. She acknowledged showing the buyers a newly-renovated apartment in the same line as the sellers', over Sheila Tretter's strenuous objection. The sellers submitted affidavits stating "[w]e continuously disclosed to Lockwood, confidentially we thought, our negotiating stances and financial objectives in the sale of our Apartment." The record supports the motion court's conclusion that the broker, frustrated with negotiations over her commission, may have attempted to frustrate the completion of the transaction and may have notified the buyers' attorney that "the deal was off." The broker admitted to calling the attorney in Mrs. Tretter's presence and informing him that there was a "problem." She evidently referred to Zeitzer, one of the buyers, as her "customer" during this conversation.

In February 2009, Zeitzer's father, Zeitzer and her husband's guarantor and an attorney himself, called the sellers and told them that the transaction was "precarious" due to poor communication. He asserted that the problem lay in the fact that the sellers and the buyers both had the same broker, namely, Lockwood. The sellers maintain that this was the first time they learned that the buyers had the same broker. Zeitzer's father thereafter negotiated directly with the sellers, and the closing took place on March 6, 2009. Lockwood did not attend.

There is no evidence that the broker disclosed the dual agency relationship to the sellers; a fortiori, there is no evidence that the sellers consented to the dual agency (*see Matter of Goldstein*, 144 AD2d at 464). If a real estate broker breaches the fiduciary duty of loyalty, the broker forfeits his or her right to a commission from the seller (*see e.g. John J. Reynolds, Inc. v Snow*, 11 AD2d 653 [1960], *affd* 9 NY2d 785 [1961]).

The fact that the broker is listed in the contract as the broker for the sellers, relied on by the majority in reaching its decision that the broker is entitled to her commission as a matter of law, while relevant to the buyers' knowledge, is not probative of the issue of whether the sellers were aware that the broker was also potentially representing the buyers. Similarly, whether or not the broker was compensated by the buyers is not dispositive as to the existence of an agency relation between them. Under New York law, proof of damages is not required to invoke the dual agency doctrine (*see Wendt v Fischer*, 243 NY 439 [1926]). The fact that the broker agreed to a reduction in her commission, in the economic climate then prevailing, simply indicates

that she wanted the sale to close and hardly constitutes proof that she was not a dual agent. The sellers' evidence, including the fact that the broker herself testified that she was agent for the buyers, that Zeitzer's father, the guarantor and an attorney himself, referred to the broker as a dual agent and identified the dual agency as interfering with consummation of the transaction, as well as the fact that the broker may have attempted to frustrate the transaction, calling the buyers' attorney and informing him that "the deal was off," viewed collectively, more than adequately raise a triable issue of fact as to whether the broker was acting as a dual agent. I would accordingly affirm the order appealed from and allow the matter to proceed to trial.