OPINION OF THE COURT
Memorandum.
Ordered that the judgment, insofar as appealed from, is reversed, without costs, and the matter is remitted to the Civil Court for the entry of judgment in favor of plaintiff in the principal sum of $10,000.
Plaintiff real estate broker commenced this action to recover a $10,000 commission for services she rendered in connection with the sale of defendant’s house. At a nonjury trial of the action, it was established that plaintiff had worked as a licensed real estate agent who did business as Genesis Realty, and that she had entered into a “dual agency” agreement with a couple (the buyers) who were seeking to purchase a house. The buyers had signed a “disclosure form for buyer and seller,” whereby they acknowledged plaintiffs status as a dual agent, and gave their informed consent that, as a dual agent, plaintiff would not be able to provide a full range of fiduciary duties to both the buyer and seller (see Real Property Law § 443). Plaintiff testified that she had no expectation of compensation from the buyers, and had received no compensation from them.
The evidence showed that defendant had offered his house for sale on the Internet in an advertisement which specified “no brokers,” and that he had placed a “for sale by owner” sign in front of his house. Plaintiff contacted defendant, informed him of her status as a real estate broker, showed the house to the buyers on multiple occasions with defendant’s consent, and negotiated the sale of the house. Plaintiff testified that from the time of their earliest conversation, she had advised defendant that she expected him to pay her a flat $10,000 commission for her brokering a sale, and that she had forwarded defendant a proposed “commission agreement” setting forth her expectation of a $10,000 commission. Plaintiff further testified that she had provided to defendant a dual agency disclosure form, but defendant refused to sign it. Plaintiff also introduced into evi *73 dence a sworn declaration dated October 6, 2011, in which she stated that defendant had refused to sign the disclosure form (see Real Property Law § 443 [3] [f]).
The evidence further showed that, in November 2011, defendant entered into a contract to sell his house for $637,500 to the buyers to whom plaintiff had shown the house. The residential contract of sale included a representation that plaintiff was the only broker with whom either the seller or the buyers had dealt; the contract further stated: “Seller shall pay Broker any commission earned pursuant to a separate agreement between Seller and Broker.” Defendant testified that he had never agreed to pay plaintiff a commission and never signed a separate commission agreement with plaintiff. After the sale was consummated, defendant refused to pay a commission to plaintiff.
Following the trial, the Civil Court dismissed the complaint, and noted in its decision that defendant had refused to sign the dual agency disclosure form, that defendant’s Internet advertisement had indicated that he had no intent to hire an agent, that the contract of sale stated that “broker’s fees are payable only upon proof of a separate written agreement” (emphasis added), and that “an alleged oral agreement is insufficient by the very terms of the contract.” This appeal ensued.
Upon an appeal of a judgment following a nonjury trial, an appellate court’s power to review the evidence is as broad as that of the trial court, giving due regard, however, to the decision of the trial judge based on her ability to assess the evidence and the credibility of the witnesses (Universal Leasing Servs. v Flushing Hae Kwan Rest., 169 AD2d 829, 830 [1991]). Here, the contract of sale acknowledged that plaintiff had been the sole real estate broker in the transaction. Although the contract of sale stated that “Seller shall pay Broker any commission earned pursuant to a separate agreement between Seller and Broker,” the contract did not contain a requirement that such agreement be written, contrary to the finding of the Civil Court. Moreover, we note that an oral agreement to pay a real estate broker, whether express or implied, is enforceable (see General Obligations Law § 5-701 [a] [10]; Stanzoni Realty Corp. v Landmark Props. of Suffolk, Ltd., 19 AD3d 582 [2005]; Buck v Cimino, 243 AD2d 681 [1997]; DY Realty Servs., LLC v Northern 35-02, Inc., 36 Misc 3d 143[A], 2012 NY Slip Op 51511[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
The evidence showed that plaintiff had rendered brokerage services which resulted in the sale of defendant’s house. The *74 language of the contract of sale constituted an admission that plaintiff was due a broker’s fee from defendant (Fenwick-Keats Realty LLC v 212 E. 29 St. LLC, 108 AD3d 435 [2013]). We therefore conclude that plaintiff sufficiently established that defendant had agreed that she was defendant’s broker and, thus, that she had a right to recover a commission from him (see Halstead Brooklyn, LLC v 96-98 Baltic, LLC, 49 AD3d 602 [2008]; Henri-Lynn Realty v Huang, 159 AB2d 486 [1990]). However, as plaintiff did not establish that defendant had agreed to the payment of a commission in any specific amount, plaintiff is entitled to be paid a commission in a reasonable amount (see Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc., 102 AD3d 770 [2013]; Tesser v Allboro Equip. Co., 73 AD3d 1023, 1026 [2010]; see also Curtis Props. Corp. v Greif Cos., 212 AD2d 259 [1995]). We find that plaintiff’s demand for $10,000, which is approximately 1.5686% of the purchase price, falls within the parameters of a “reasonable” commission, and, consequently, that she should be awarded the sum demanded.
We reach no other issue.
Accordingly, the judgment, insofar as appealed from, is reversed and the matter is remitted to the Civil Court for the entry of judgment in favor of plaintiff in the principal sum of $10,000.
Pesce, RJ., Weston and Rios, JJ., concur.