Douglas Elliman of LI, LLC v Roselle Bldg. Co., Inc. (2022 NY Slip Op 00847)





Douglas Elliman of LI, LLC v Roselle Bldg. Co., Inc.


2022 NY Slip Op 00847


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-07558
 (Index No. 609544/18)

[*1]Douglas Elliman of LI, LLC, appellant, 
v
Roselle Building Co., Inc., et al., respondents.


Lieb At Law, P.C., Smithtown, NY (Mordy Yankovich of counsel), for appellant.
Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP, Riverhead, NY (Kathryn M. Dalli of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated May 21, 2019. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff, a real estate brokerage firm, entered into a written contract with the defendants to perform brokerage services with respect to certain real property owned by the defendants (hereinafter the subject property). The brokerage agreement provided for a 5% commission payable to the plaintiff in the event that the defendants entered into a contract of sale or actually sold the property "within a period of 60 days after the termination of the agreement to any person (buyer) who ha[d] been shown the property during the term of th[e] agreement." The brokerage agreement expired on August 15, 2016, but was extended by the parties until January 3, 2017. The parties dispute whether they thereafter orally entered into an open listing agreement.
In December 2017, almost one year after expiration of the exclusive brokerage agreement, the defendant Roselle Building Co., Inc., entered into a contract to sell the subject property to the long-time tenant of the property, with whom a prior sale attempt had fallen through. The contract of sale contained a clause identifying the plaintiff as a broker, providing that the seller would pay "any commission earned pursuant to a separate agreement between Seller and Broker," and providing for the parties' defense and indemnification of one another with respect to brokers' commissions.
Upon the defendants' failure to remit a commission payment to the plaintiff, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. Prior to discovery, the plaintiff moved for summary judgment on the issue of liability. By order dated May 21, 2019, the Supreme Court denied the motion, and the plaintiff appeals.
Contrary to the plaintiff's contention, triable issues of fact exist as to whether the defendants were obligated to pay a commission on the 2017 sale of their property. The plaintiff's [*2]reliance on Halstead Brooklyn, LLC v 96-98 Baltic, LLC (49 AD3d 602), and Holiday Mgt. Assoc. v Albanese (173 AD2d 775) is misplaced. Unlike in those cases, the contract of sale in the present case, under the circumstances presented, did not clearly admit the plaintiff's performance of services with respect to the 2017 contract of sale and the defendant's obligation to pay a commission on that sale (see Siegel Consultants, Ltd. v Nokia, Inc., 85 AD3d 654, 657).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability.
DUFFY, J.P., IANNACCI, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court