ROY REALTY COMPANY, Respondent, *v.* B. ALTMAN & CO., Appellant.

First Department, November 12, 1920.

Sales — contract for sale of goods to be imported during war — judicial notice as to difficulty of importing goods — delivery " as soon as possible " — complaint not stating cause of action — failure of plaintiff to allege that defendant could have procured goods.

The court will take judicial notice of the fact that in 1915, when all the great powers were engaged in war and when our own country might be involved therein at any time, trade conditions were extremely unsettled and importation was practically impossible.

Hence, where during that period the defendant agreed to sell certain goods to the plaintiff, delivery to be made " as soon as possible," the fulfillment of the contract was conditional upon the possibility of the defendant's securing the merchandise from abroad which it agreed to sell and the plaintiff cannot recover for a breach of the contract without showing that it was possible for the defendant to procure the goods for which the contract called.

A complaint which fails to allege that the defendant could have procured the goods which it agreed to sell is subject to demurrer.

PAGE, J., and CLARKE, P. J., dissent, with opinion.

Appeal by the defendant, B. Altman & Co., from an order of the Supreme Court, made at the New York Special Term, bearing date the 28th day of April, 1920, and entered in the office of the clerk of the county of New York, overruling the defendant's demurrer to the complaint and granting leave to the defendant to serve an answer.

*S. Hanford,* for the appellant.

*Edward S. Clinch,* for the respondent.

Smith, J.:

This contract was made upon June 1, 1915. At the time that it was made all of the great powers were engaged in war. The situation was such that at any time our country, the United States, might be involved in the same war. Trade conditions were in an extremely unsettled state. Importation was practically impossible. Transportation in this country was crippled, and the manufacture of many articles in this country was either stopped or seriously limited by these unsettled conditions. Of these facts the court will take judicial notice. They are matters of common knowledge. This contract read in the light of these existing conditions can only mean that the fulfillment of this contract was conditional upon the possibility of the defendant's securing merchandise which it agreed to sell. Under this construction the plaintiff cannot recover without showing that it was possible for the defendant to procure the linens for which the contract called. Whichever party may have the burden of first introducing evidence as to the possibility or non-possibility of the performance of the contract, the burden ultimately rests upon the plaintiff to show that the contract was possible of fulfillment before suit was brought, and with that burden the plaintiff's cause of action is incomplete without an allegation to that effect.

The allegation of the defendant's refusal to perform its contract before the commencement of the action is not an allegation of the breach of the contract, unless it were possible for the defendant to have performed at the time of the refusal.

The cases cited in the opinion of Mr. Justice PAGE are cases that apply to trade under normal conditions, and are not applicable to conditions existing at the time of the making of this contract.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the demurrer sustained, with ten dollars costs, with leave to the plaintiff to serve an amended complaint on payment of said costs.

LAUGHLIN, J., concurs; DOWLING, J., concurs in result; CLARKE, P. J., and PAGE, J., dissent.

PAGE, J. (dissenting):

The action is brought to recover as damages the difference between the contract price and the market value for failure to deliver certain goods purchased by the " Hotel Seville " from the defendant. The contract for the sale of these goods was entered into on June 1, 1915, and provided for " delivery — as soon as possible." The plaintiff alleges the assignment of the contract to it and the assumption on its part of all the terms and conditions of the contract on the part of the Hotel Seville " to be performed; " that though more than a reasonable time for the delivery had elapsed, defendant has neglected, and on the 5th day of January, 1920, refused and still neglects and refuses to perform the conditions of said contract on its part to be performed.

The defendant demurs, on the ground of insufficiency, upon the theory that the defendant's obligation under the contract was conditional, and that plaintiff should have alleged facts which tended to show that it was possible for the defendant to make delivery. This position is in my opinion untenable. The words used were not " delivery if possible " or " when possible," in which case there would be an uncertain event or contingency on the happening of which the contract depended with no promise that the event should happen; and, therefore, the contract would be conditional upon the happening of the contingency. That was the principle applied in *Work* v. *Beach* (12 N. Y. Supp. 16; 59 Hun, 625; 129 N. Y. 651), relied upon by the appellant. The agreement in that case was to pay " when I shall be able to do so." The contract was conditional

upon the contingency of future ability to pay. Therefore, to show the existence of the cause of action it was necessary to show that the contingency or event upon which the contract depended had happened, *i. e.*, that the defendant was then able to pay. But when the contract provides for delivery "as soon as possible" it is the specification of a time within which the contract must be performed on the part of the seller. There is no uncertain event or contingency on the happening of which the contract depends. The phrase "as soon as possible" has a definite legal meaning. It implies a speedier performance than "within a reasonable time." (*Sentenne v. Kelly*, 59 Hun, 512, 515; *National Cash Register Co. v. McCann*, 80 Misc. Rep. 165; affd., 160 App. Div. 912.) Therefore, when the plaintiff alleged that more than a reasonable time for the delivery has elapsed, that defendant has neglected, and four years and a half after the date of the sale refused and still neglects and refuses to make delivery, he has alleged facts sufficient and tending to show seller's default.

If there were statements made or surrounding circumstances that would tend to show that the words were used with a different meaning which would tend to disprove his default, and that the words were so used within the mutual understanding of the parties, the defendant can set them forth in his answer.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., concurs.

Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs, with leave to plaintiff to amend upon payment of said costs.