[Civ. No. 9173.   Third Dist.   Jan. 8, 1958.]

ARCHIE DRAPER, Respondent, v. EUGENE W.
PATTERSON, Appellant.

Alfred E. Frazier for Appellant.

Rawlins Coffman for Respondent.

WARNE, J. pro tem.*—This is an appeal from a judgment in favor of plaintiff for the sum of $2,386.77 which represents the balance owing for work performed in clearing and leveling land on property leased by the defendant. The defendant has appealed from the judgment.

Defendant is the lessee of a 700-acre ranch in Tehama County which is operated as a dairy farm. Plaintiff owns and operates equipment used in the clearing and leveling of land, and he approached defendant for the purpose of inducing him to permit plaintiff to clear and level additional land on the ranch. After some negotiation, a contract was entered into in February, 1953, whereby plaintiff agreed to do certain clearing on three parcels with leveling on one of said parcels of said land. Two-thirds of the cost was to be borne by the lessors and one-third by defendant. Duplicate memoranda were signed by the parties which read as follows:

"This is to certify that leveling and clearing land on the J. J. Silva Ranch operated by Eugene Patterson is being done in accordance with provisions of a lease between Patterson & Silva, which provides that ⅓ of such clearing and leveling will be paid by operator Eugene Patterson and ⅔ by owner

*Assigned by Chairman of Judicial Council.

J. J. Silva. Also that the land being cleared in Feb 1953—⅓ will be paid by Eugene Patterson from the profit of crops off the land now being cleared.

"This is to certify that I understand and agree to the above method of payment."

The work was done by plaintiff and the lessor's share was paid. Defendant paid only a small portion of the amount due from him, leaving a balance due amounting to $2,386.77. A little over two years after the work had been done plaintiff brought suit for the balance due. The first amended complaint alleges four alternative causes of action, the first being a common count on an account stated, the second, a common count for the reasonable value of work, labor and services performed; the third count, a cause of action to recover under the contract; and the fourth based on the reasonable value of the entire job. The amount demanded in each count is identical and it is manifestly evident that counts 1, 2 and 4 are all founded and based upon the set of facts set forth in count 3; that is, the contract obligation. Defendant filed a general demurrer to the complaint which was overruled. As a special defense defendant alleged in his answer "that in the month of February, 1953, by an agreement in writing executed by plaintiff and the defendant, the plaintiff agreed that any payment or obligation owing to the plaintiff by the defendant by reason of any work on the land described in the complaint would be paid only from the profits of crops off the land now being cleared," and that he had not made any profits from any crop or crops off the lands referred to.

Defendant contends that the cause of action based on the written contract does not state facts sufficient to constitute a cause of action because there is no allegation in the first amended complaint that there was any profit off the land cleared. In lieu of such an allegation the plaintiff alleged that the defendant beneficially utilized the land in the years 1953, 1954 and again in 1955.

The rule has been expressed in *Van Buskirk* v. *Kuhns,* 164 Cal. 472 [129 P. 587, Ann.Cas. 1914B 934, 44 L.R.A.N.S. 710], that if the promise is conditional on the defendant's ability to pay, it is incumbent upon the plaintiff to allege and prove that the condition has been complied with. (See also *Lynch* v. *Keystone Consol. Min. Co.,* 163 Cal. 690 [126 P. 968]; *Rodgers* v. *Byers,* 127 Cal. 528 [60 P. 42]; *Maurer* v. *Bernardo,* 118 Cal.App. 290 [5 P.2d 36]; and *Horacek* v. *Smith,* 33 Cal.2d 186, 191 [199 P.2d 929].) It is our opinion that this rule is applicable to the instant case. The allega-

tion in the complaint that the defendant beneficially utilized the land is not equivalent to an allegation that he made profit from any crop or crops off the land in question. The contract clearly provides that defendant's obligation to pay is a conditional one; that is, out of profits from the crops off the land, and such being the contractual obligation, it is incumbent upon the plaintiff to allege and prove that the condition has been complied with. The demurrer to the first amended complaint should have been sustained.

Nor does the fact that the common counts may state a good cause of action change the rule stated above. When common counts are based on the same cause as the specific count, and the specific count is defective, the entire complaint is demurrable. As stated in *Hays* v. *Temple,* 23 Cal.App.2d 690, 695 [73 P.2d 1248], "It is the established law of California that, if plaintiff is not entitled to recover under one count in a complaint wherein all the facts upon which his demand is based are specifically pleaded, it is proper to sustain a demurrer to a common count set forth in the complaint, the recovery under which is obviously based on the set of facts specifically pleaded in the other count." (See also *Harris* v. *Kessler,* 124 Cal.App. 299, 303 [12 P.2d 467].)

Defendant next contends that there is no evidence in the record to sustain a finding of profit. While there is evidence to indicate that a profit may have been made from the lands in question, there is no evidence whatsoever as to the amount of said profit if any. The land cleared was in three separate parcels referred to as the west field, the south field and the north field. The west field was planted to barley and rye in 1953 and 1954, and defendant's cattle were permitted to feed off the crop. The south field was planted to milo in 1953 and fed off to the cattle, and in 1954 it was planted to oats and was also fed off to the cattle. The north field was planted to sudan grass in 1954 and oat hay in 1955. Some of the hay was traded for corn feed. There is no evidence as to the value of the pasturage in question or the value of any of the crops which were produced or as to the amount thereof, or as to what if any profit was made from any of the particular crops. These are matters which should have been proven in order to support the judgment, since the contract provided that defendant was to pay for the work out of profits from crops produced on the lands in question. The fact that defendant farmed the lands in

question and beneficially used them does not necessarily indicate that he made a profit from any crops produced on said lands. It is obvious that one may use a thing without making a profit. It is also clear from a reading of the record in this case that when the parties were negotiating the contract they were using the term ''profit'' to mean the excess in value over the cost of producing the crop or crops, regardless of whether it was fed to the cattle or sold, and that they were considering the profits or loss from the particular land in question, not from the operation of the ranch as a whole. We conclude that the evidence is insufficient to sustain the judgment.

Since the judgment must be reversed for the reasons stated, we do not consider it necessary to discuss the other points raised on the appeal.

The judgment is reversed.

Van Dyke, P. J., and Peek, J., concurred.