■ ANNA LORENZO, as Executrix of ANTONIO LORENZO, Deceased, Respondent, v. ANTONIO BUSSIN, Appellant.— In an action by an executrix to cancel and discharge of record a mortgage (Real Property Law, § 500, subd. 4), the appeal is from an order and judgment (one paper) granting summary judgment, on respondent's motion, for the relief demanded in the complaint. Order and judgment reversed, with $10 costs and disbursements, and summary judgment granted dismissing the complaint. The letters of the testator (the mortgagor) dated November 6, 1944 and October 25, 1944 acknowledged the barred debt. The letter of November 6 reads: "I owe you three thousand dollars with interest. If I had the money I would come and pay you immediately * * * the day arrives when payment must be made". The same letter attributes the inability to pay to insufficient earnings. The letter of October 25 reads:

" I have not forgotten [the debt] * * * as long as the debt remains. As long as I live I will have to pay the debt". In our opinion the letters should be construed as a promise to pay within the promisor's lifetime, during which time the Statute of Limitations was tolled. Therefore, the cause of action accrued upon the death of the testator on June 8, 1953, and the enforcement of the mortgage is not barred. (*Matter of Riley*, 85 N. Y. S. 2d 879.) In any event, if we did not so construe the letters we would construe them as making a conditional promise to pay " when able ". So construed, the causes of action would accrue as soon as the promisor acquired the ability to pay. Under such circumstances, whether and when such ability was acquired by the promisor are issues of fact to be determined by the jury (*Tebo* v. *Robinson*, 100 N. Y. 27; *Morgan* v. *Kowalsky*, 266 App. Div. 666), and not on a motion for summary judgment. Wenzel, Beldock and Kleinfeld, JJ., concur; Ughetta, J., concurs in result; Nolan, P. J., dissents and votes to affirm, with the following memorandum: I agree with the conclusion reached by the majority that the letters of October 25, 1944 and November 6, 1944 acknowledged the debt which was barred by the Statute of Limitations and tolled the statute. I do not agree, however, with the conclusion that the letters imposed upon appellant any condition which prevented the assertion of appellant's claim during the lifetime of respondent's testator or until the happening of any event subsequent to the dates when the debt was acknowledged.