■ NYE AGENCY, INCORPORATED, Appellant v. REGINALD B. NEWMAN et al., Respondents. — All concur, except Halpern, J., who dissents and votes for reversal and a new trial in the following memorandum: This is an action by a real estate broker to recover real estate commissions for the sale of the defendants' residence to a customer procured by the broker. The complaint referred to the action as one in *quantum meruit* but the bill of particulars stated that the claim was for real estate commissions at the standard prevailing rates of commission. Presumably, what the plaintiff sought was a recovery for the value of its services, measured by the standard rates of commission. In any event, it is of no materiality whether the action is called one for real estate commissions or one in *quantum meruit* (*Sussdorff* v. *Schmidt*, 55 N. Y. 319). The court dismissed the complaint at the close of the plaintiff's evidence. This, in my opinion, was wholly unwarranted. The plaintiff's evidence was sufficient to authorize a finding by the jury that the plaintiff's services were the procuring cause of the sale. The defendants listed their residence for sale with the plaintiff on a nonexclusive basis on February 4, 1952. The plaintiff's employees showed the premises to one Sugarman and they introduced him to the defendants as a prospective purchaser of the premises. The evidence established that Sugarman had been unknown to the defendants before this introduction. Sugarman liked the defendants' residence very much but he was unwilling to pay the defendants' asking price. The plaintiff's employees continued to maintain their contact with Sugarman, urging him to make a satisfactory offer. The plaintiff had been the agent for the seller when the defendants had purchased the premises and therefore the plaintiff's employees knew how much the defendants had paid for the premises and they urged Sugarman to make an offer in an amount at least equal to the price the defendants had paid. The plaintiff learned in September, 1952, that the defendants had communicated with Sugarman directly and had agreed upon a mutually acceptable price and had sold the premises to Sugarman. There had been no withdrawal of the listing by the

defendants and there had been no abandonment of the plaintiff's efforts to sell the property, in the meantime. In the absence of any explanation by the defendants, the jury had the right to find that the plaintiff had earned the standard real estate commissions on the sale. The direct negotiations undertaken between the parties relieved the broker of the duty of performing any further services. A prima facie case for real estate commissions was made out by the plaintiff's proof (*Lloyd* v. *Matthews,* 51 N. Y. 124; *Travis* v. *Bowron,* 138 App. Div. 554; *Salzano* v. *Pellillo,* 4 A D 2d 789). It may well be that the plaintiff should have held an examination before trial or should have called the defendants and the purchaser of the property as witnesses on its behalf. But the failure of the plaintiff to take these steps and to present a more fully developed case affected only the persuasiveness of its case and its chance of getting a favorable verdict from the jury. This failure on the part of the plaintiff did not justify the dismissal of the case by the court as a matter of law. (Appeal from judgment of Erie County Court dismissing the complaint on motion by defendants at the close of plaintiff's case, in an action to recover real estate commissions.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.