379 So.2d 680 (1980)
Dianne HAMMOND, Appellant,
v.
Nan BICKNELL, a/K/a Mrs. James M. Bicknell, Appellee.
No. 79-1278.
District Court of Appeal of Florida, Second District.
February 1, 1980.
*681 Carl J. Robie, III, Sarasota, for appellant.
No appearance for appellee.
ULMER, RAY E., Jr., Associate Judge.
This is an appeal from a summary judgment entered for the plaintiff in a suit on an oral loan contract.
Nan Bicknell filed a complaint against Dianne Hammond in which she alleged that she had loaned Miss Hammond $5,000. She further alleged that she had made a demand upon Miss Hammond but that Miss Hammond had refused to repay the loan. In subsequent pleadings, Miss Hammond admitted the existence of her $5,000 debt to Mrs. Bicknell, but she denied that she presently owed the money, alleging that under an oral agreement she had made with Mrs. Bicknell, she was to make periodic payments over an unspecified period of time in accordance with her ability to pay.
Mrs. Bicknell moved for summary judgment. The trial court granted the motion and entered a final judgment in her favor. Miss Hammond thereafter instituted this timely appeal.
As always, in matters dealing with the propriety of summary judgment, we must begin our consideration with the rule that a court may grant summary judgment only when the pleadings, discovery and affidavits on file affirmatively demonstrate that there are no genuine issues of material fact left to be decided in the case. Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Snyder v. Cheezem Development Corp., 373 So.2d 719 (Fla. 2d DCA 1979). After a careful review of the record in this cause and the relevant law, we have concluded that at the time the court granted Mrs. Bicknell's motion, there were genuine issues of material fact. Accordingly, we hold that the court erred in granting the motion for summary judgment.
As we noted above, Miss Hammond raised the defense that she had agreed to repay the loan only as she had the financial ability to do so. Although we have been unable to locate any cases in Florida on the effect of such a promise on a contract, it appears that the majority view and the one which we think is the better rule is that this type of agreement creates only a conditional promise to pay so that the creditor is not entitled to recover on the promise unless the promisor is in fact able to pay the debt. Van Buskirk v. Kuhns, 164 Cal. 472, 129 P. 587 (1913); Draper v. Patterson, 156 Cal. App.2d 606, 319 P.2d 694 (1958); Tebo v. Robinson, 100 N.Y. 27, 2 N.E. 383 (1885); Lorenzo v. Bussin, 7 A.D.2d 731, 180 N.Y.S.2d 625 (1958); Annot., 94 A.L.R. 721 (1935); 17 Am.Jur.2d Contracts § 341 (1964). Consequently, Miss Hammond's pleadings created an issue of fact as to whether she was to repay the loan on demand or according to her financial ability.[1] Moreover, if the trier of fact were to find that she was to pay according to her financial ability, there would be a further issue of fact as to whether she presently had that financial ability.[2]
In view of what we have said, we reverse the judgment of the court and remand the case for further proceedings consistent with this opinion.
GRIMES, C.J., and BOARDMAN, J., concur.
NOTES
[1] At the time of the hearing on Mrs. Bicknell's motion, the record did not contain an affidavit executed by her, in which she attested to the truth of the allegations in her complaint. We note, however, that the complaint made no reference to any agreement concerning the time at which repayment of the loan was to occur. Also, although Mrs. Bicknell did file a request for admissions, asking Miss Hammond to admit that she was to repay the loan on demand, Miss Hammond refused to make this admission.
[2] If we had adopted the minority view that a promise to pay when able creates an obligation to pay within a reasonable time, Annot., 94 A.L.R. 721 (1935), the result we have reached would not be different. There would still be issues of fact as to whether Miss Hammond promised to pay on demand or within a reasonable time, and, if the latter, what constituted a reasonable time under these circumstances.