BERANEK, Judge.
This is an appeal by the plaintiff/lender and cross-appeal by defendant/borrower from a final judgment in a suit on a series of loans. We affirm.
Four separate loans were alleged to have been made by plaintiff to defendant, an attorney. The lender’s sister was married to the defendant. In the pleadings, plaintiff alleged she made four demand loans to defendant which had not been repaid. In his answer the defendant denied receiving the proceeds of the loans and also asserted the Statute of Frauds as an affirmative defense.
Notwithstanding the pleadings, the parties proceeded to litigate over a rather different set of issues. The trial court found that the money did pass from the lender to the borrower but that none of the transactions were demand loans. Neither party disputes that there was nothing in writing regarding the loans. All of the terms governing the loans were oral and disputed at trial. After the loans were made the lender’s sister divorced the borrower. The dissolution of marriage prompted the lender to insist on some written evidence of the loans and suit was filed when the borrower refused to sign anything.
The trial court found as a matter of fact that the loans were made to the defendant and found as a matter of law that the Statute of Frauds did not bar enforcement of the loans. We affirm these conclusions of law and fact.
The trial court found four separate loans as follows:
1. Two Thousand Dollars loaned without interest, to be repaid “as soon as able.” The court found this amount not due because plaintiff had not proved defendant was able to repay.
2. Eight Thousand Dollars loaned without interest, to be repaid “as soon as able.” This amount was found not to be due because plaintiff had not proved defendant was able to repay.
3. One Thousand Nine Hundred Dollars loaned without interest to be repaid “as soon as possible.” The court found this amount to be due and entered judgment in plaintiff’s favor.
4. Thirteen Thousand Dollars loaned. The precise terms of repayment of the principal were uncertain from the record, but interest at the rate of ten per cent was to be paid on a monthly basis from the date of the loan. Defendant was found to be in substantial default on payment of interest and no payment whatsoever had been made on principal. Judgment was entered in plaintiff’s favor on this loan.
The court entered final judgment in plaintiff's favor in the total amount of $14,-900 and denied plaintiff’s claim for an additional $10,000 on the other loans due to an *199 insufficiency of proof as to defendant’s ability to pay. The final judgment is attacked by plaintiff’s appeal and defendant’s cross-appeal.
We conclude that the judgment in plaintiff’s favor for $14,900, plus interest, was proper and the factual findings regarding same are supported by competent evidence. The failure to pay interest supports the court’s judgment on the $13,000 loan. We thus affirm in this regard.
Plaintiff contends that the court erred in denying a judgment for an additional $10,000 which was found to be due from defendant “as soon as able.” Plaintiff contends that this court should adopt a rule whereby a loan, to be repaid as soon as the debtor is able, will be held due and owing within a reasonable time rather than requiring the creditor to prove the debtor’s ability to pay. At the time of the trial of this cause, there was no Florida authority directly on point on this issue. Since that time, the Second District Court of Appeal issued its opinion in Hammond v. Bicknell, 379 So.2d 680 (Fla. 2d DCA 1980). Therein, the court adopted a contrary rule. We adopt the ruling of the Second District and conclude that the majority view in the country and the one we think to be the better rule is that an agreement to repay a loan when able creates a conditional promise to pay and that the creditor has the burden of demonstrating the debtor’s ability in this regard. See Hammond v. Bicknell, supra, and cases cited therein. We thus conclude the trial court did not err in denying plaintiff’s prayer for a judgment on the two loans amounting to $10,000.
AFFIRMED.
HERSEY and GLICKSTEIN, JJ., concur.