PER CURIAM.
Appellants, defendants below, appeal from a summary judgment entered for the plaintiff.
Plaintiff, Polygard, filed a two-count complaint alleging that appellants James and Judy Westerman, husband and wife, were indebted to plaintiff on an open account and an account stated. Appellants contend that their affidavits and depositions raise an issue of material fact relating to the capacity in which the defendants did business with plaintiff at the time of the transactions. We agree and reverse.
While not wishing to discourage the use of summary judgments in appropriate cases, we must, as always, however, begin our consideration with the rule that a court may grant summary judgment only when the pleadings, discovery and affidavits on file affirmatively demonstrate that there are no genuine issues of material fact left to be decided in the case. Hammond v. Bicknell, 379 So.2d 680 (Fla.2d DCA 1980).
Here, the affidavits and depositions of appellants indicate that they never did business with Polygard individually but only in a corporate capacity. The appellants’ assertions were not traversed by appellee.
Accordingly, we reverse the judgment of the court and remand the case for further proceedings consistent with this opinion.
BOARDMAN, Acting C. J., and GRIMES and CAMPBELL, JJ., concur.