PER CURIAM.
In 1986, Juan Angel Regojo asked his father-in-law, the appellee Daniel Bacardi Rosell [Bacardi], to make a loan to his friend, the appellant, Jose A. Sanchis, to help Sanchis and his family start a business.
Bacardi loaned Sanchis $50,000 in several payments. In Sanchis’s deposition, he admits that dates for repayment were discussed. “We had dates but dates which could be modified. I remember that it was every six months.” He further stated that the dates were set to “calculate the interest.”
Two years passed and Sanchis failed to repay any part of the loan. The record includes three signed letters from Sanchis to Bacardi — dated February 18, August 16, and November 22, 1988 — which acknowledged the debt owed, promised payment, and set forth an amortization or liquidation plan for repayment. When no funds ap *834 peared to be forthcoming, Bacardi, on November 28, 1988, sent a certified demand letter to Sanchis.
At a hearing on the parties’ cross motions for summary judgment, the court construed the undisputed facts as an agreement where the essential terms were to be supplied at a later time, and granted Bacardi’s motion for summary judgment. San-chis was ordered to repay the principal sum due plus interest.
Clearly, Sanchis’s letters concede that he was bound, without conditions, to repay Bacardi. Even where all the elements of a contract are not initially fixed, the agreement may be binding if the parties later agree to the essential terms and seriously understand and intend the agreement to be binding. Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp., 302 So.2d 404 (Fla.1974). Where the times of installment payments are not fixed at the outset, the parties may set exact dates later. Id. The later communications, in this case, supplied the essential terms that were lacking in the initial agreement.
Zane v. Mavrides, 394 So.2d 197 (Fla. 4th DCA 1981) and Hammond v. Bicknell, 379 So.2d 680 (Fla. 2d DCA 1980), relied on by the appellants, can be distinguished because in those cases the parties agreed in advance that the loan was to be repaid when the debtor was financially able. Implicitly, there would have been no obligation to repay so long as the borrower remained financially embarrassed. Although Sanchis describes the transaction in this case as an “open loan,” there is no showing, as he now contends, that repayment was ever conditioned on an ability to pay. Therefore, Bacardi, as the creditor, has no burden here to demonstrate that Sanchis is solvent.
Since the undisputed facts show a loan from Bacardi to Sanchis, to be repaid on later-offered installment-type terms, without a condition of financial ability, the trial court correctly entered a summary judgment in favor of Bacardi as a matter of law.
Affirmed.
FERGUSON and LEVY, JJ., concur.