COMVEST CONSULTING, INC., Respondent, v W.R.S.B. DEVELOPMENT COMPANY, L. L. C., Appellant. (Appeal No. 1.) [698 NYS2d 807] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted plaintiff's motion for summary judgment on the issue of defendant's liability for brokerage commissions. Plaintiff's submissions established a prima facie entitlement to the brokerage fees. Defendant's contention that plaintiff is not entitled to the commissions because no brokerage commission agreement exists is without merit. "In the absence of a contract, express or implied, a broker is entitled to receive a commission in a reasonable amount for bringing together the parties to a transaction" (*Curtis Props. Corp. v Greif Cos.*, 212 AD2d 259, 266). Defendant does not dispute that plaintiff procured the sellers in those transactions; defendant contends only that it had no agreement or understanding with plaintiff regarding commissions. That unsupported assertion does not raise an issue of fact in light of the explicit provisions in the subject real estate contracts (*see, Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219; *Curwil Constr. Corp. v RHP Dev. Corp.*, 194 AD2d 514, 515-516; *Henri-Lynn Realty v Huang*, 159 AD2d 486).

Defendant also failed to raise an issue of fact by its affirmative defenses. The waiver defense is inapplicable because there is no indication that plaintiff voluntarily and intentionally relinquished its rights to the commission, and a waiver is not effected by mere silence, delay or inaction (*see, Agati v Agati*, 92 AD2d 737, *affd* 59 NY2d 830; *Peck v Peck*, 232 AD2d 540). The equitable estoppel defense was not established because defendant made no showing that it relied to its prejudice upon any action by plaintiff (*see, Connecticut Natl. Bank v Peach Lake Plaza*, 204 AD2d 909, 910, citing *Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184, *rearg denied* 57 NY2d 674). The defense based on quantum meruit was properly dismissed because plaintiff adduced proof that it expected to be compensated, and defendant in opposition presented only an unsubstantiated allegation that plaintiff had not expected compensation (*see, Henri-Lynn Realty v Huang, supra*). Defendant's contentions that plaintiff lacks standing and is not the real party in interest also lack merit. Thus, the court properly granted plaintiff's motion (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

We also conclude that the court properly denied defendant's motion, premised on newly-discovered evidence and fraud, to vacate the order granting summary judgment to plaintiff. Defendant failed to establish that the evidence could not have been discovered previously by the exercise of due diligence (*see, Prote Contr. Co. v Board of Educ.*, 230 AD2d 32, 39). In addition, the property in dispute was excluded from the option agreement by a later extension and modification; thus, defendant has not shown that consideration of the alleged newly discovered evidence would probably have resulted in the denial of plaintiff's motion (*see, Prote Contr. Co. v Board of Educ., supra*, at 39).

Because defendant's assertion of fraud and breach of fiduciary duty was premised on the alleged newly discovered evidence, the court did not abuse its discretion in denying defendant's motion to file an amended answer to include those theories as affirmative defenses. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Denman, P. J., Green, Scudder, Callahan and Balio, JJ.