■ In the Matter of JAMES F. VOLPE, Respondent, v JULIA R. VOLPE, Appellant. [792 NYS2d 269]—

Appeal from a judgment of the Supreme Court, Monroe County (Robert J. Lunn, J.), entered May 29, 2003. The judgment granted the petition to stay arbitration.

It is hereby ordered that the judgment so appealed from be and the same hereby is modified on the law by vacating the second decretal paragraph and that part of the fifth decretal paragraph with respect to the claims for alimony arrears and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Respondent appeals from a judgment granting a petition seeking to stay arbitration. The parties entered into a separation agreement in 1966 providing that "[a]ny controversy claim [sic] arising out of or relating to this Agreement, or any breach thereof, shall be settled in accordance with the rules then obtaining of the American Arbitration Association." Respondent served a notice of arbitration alleging that petitioner breached various provisions of the separation agreement, including the provisions that petitioner pay respondent $100 per week alimony for the remainder of her life and that petitioner permit respondent to live rent-free in a building owned by petitioner unless petitioner sold the building. The petition alleges that respondent's claims for alimony arrears from 1969 to 1996 and compensation for rent from 1976, when respondent was allegedly required to vacate the apartment in the building that petitioner still owns, are time-barred. In her response, respondent alleges that the claims for alimony arrears prior to 1996 are not time-barred because in 1981 petitioner wrote a note to respondent stating "I'll send you $100.00 a week from now on . . . . Any money I owe you I can catch up as soon as possible."

Contrary to respondent's contention, Supreme Court properly determined that it, rather than an arbitrator, should determine

whether the claims are time-barred (*see* CPLR 7502 [b]; *Matter of Smith Barney, Harris Upham & Co. v Luckie,* 85 NY2d 193, 201-202 [1995], *rearg denied* 85 NY2d 1033 [1995], *cert denied sub nom. Manhard v Merrill Lynch, Pierce, Fenner & Smith,* 516 US 811 [1995]; *Matter of Weight Watchers Intl. v Mark,* 263 AD2d 491, 492 [1999]; *Marillo v Shearson Hayden Stone,* 159 AD2d 1012 [1990]). The court also properly determined that a six-year statute of limitations is applicable to respondent's claims for alimony arrears (*see Tauber v Lebow,* 65 NY2d 596, 598 [1985]). We agree with respondent, however, that the court erred in determining that the note from petitioner to respondent revived the otherwise time-barred claims only for an additional six-year period. We conclude that the note contained a conditional promise to pay "as soon as possible," i.e., "when able" (*Lorenzo v Bussin,* 7 AD2d 731, 732 [1958], *affd* 7 NY2d 1039 [1960]; *see generally* General Obligations Law § 17-101). The record does not contain sufficient facts to determine as a matter of law when petitioner could have performed the contract and thus when the claims accrued (*see Spagna v Licht,* 87 AD2d 626, 627 [1982]). We therefore modify the judgment by vacating the second decretal paragraph and that part of the fifth decretal paragraph with respect to the claims for alimony arrears, and we remit the matter to Supreme Court for a hearing to determine whether the conditional promise was fulfilled and, if so, when.

The court properly determined that respondent's claim for breach of contract, with respect to the provision that respondent is entitled to live rent-free in a building owned by petitioner, is barred by the statute of limitations inasmuch as respondent vacated her apartment in that building in 1976 (*see* CPLR 213 [2]).

All concur except Hurlbutt, J.P., who dissents in part and votes to affirm in the following memorandum.

Hurlbutt, J.P. (dissenting in part). I respectfully dissent in part. I disagree with the conclusion of the majority that the 1981 note in which petitioner wrote "[a]ny money I owe you I can catch up as soon as possible" amounts to a conditional promise to "pay 'when able' " (*Lorenzo v Bussin,* 7 AD2d 731, 732 [1958], *affd* 7 NY2d 1039 [1960]). In my view, even if the reference in the note to "[a]ny money I owe you" suffices to "recognize an existing debt" under General Obligations Law § 17-101 (*Sitkiewicz v County of Sullivan,* 256 AD2d 884, 886 [1998], *appeal and lv dismissed* 93 NY2d 908 [1999]), the phrase "I can catch up as soon as possible" is not a conditional promise to pay when able, but rather an unconditional promise to pay

expeditiously, i.e., a "speedier performance than 'within a reasonable time' " (*Roy Realty Co. v B. Altman & Co.*, 194 App Div 43, 45-46 [1920] [Page, J., dissenting], *revd on dissenting op* 231 NY 549 [1921]; *see House v Hornburg*, 267 App Div 557, 561-562 [1944], *affd* 294 NY 750 [1945]; *Williams v Gridley*, 110 App Div 525, 527 [1906], *affd* 187 NY 526 [1907]; *cf. Lorenzo*, 7 AD2d at 732 [promise conditioned on ability to pay]; *Hakim v Peckel Family Ltd. Partnership*, 280 AD2d 645 [2001] [promise conditioned on acceptance of reduced amount]; *Flynn v Flynn*, 175 AD2d 51, 52 [1991], *lv denied* 78 NY2d 863 [1991] [promise conditioned on receipt of "some assistance"]). I would therefore affirm the judgment. Present—Hurlbutt, J.P., Scudder, Kehoe, Smith and Hayes, JJ.