ARDA MAKARCHUK, Appellant, v EDWARD MAKARCHUK, Respondent. [874 NYS2d 649]—

Appeal from an order of the Supreme Court, Oneida County (Robert F. Julian, J.), entered January 31, 2008. The order, insofar as appealed from, granted that part of defendant's motion seeking to dismiss the complaint.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety and the complaint is reinstated.

Memorandum: Plaintiff commenced this action in 2006 seeking to enforce defendant's obligation to pay carrying costs on the marital residence pursuant to a separation agreement (agreement) executed by the parties in 1970. The carrying costs consisted of taxes, insurance and most of the maintenance costs. The agreement further provided that it would "survive any decree of divorce . . . [and would] not merge in[ ] nor be superseded by any divorce decree or judgment." A decree of divorce was entered in 1971 and, although the decree expressly incorporated the agreement, it did not contain a nonmerger clause. In 1975 Supreme Court (John R. Tenney, J.) modified the decree by ordering that defendant was no longer responsible for paying the carrying costs on the marital residence. We agree with plaintiff that Supreme Court (Robert F. Julian, J.) erred in granting that part of defendant's motion seeking to dismiss the complaint.

It is well settled that "[a] separation agreement that is incorporated into but not merged with a divorce decree is an independent contract binding on the parties unless impeached or challenged for some cause recognized by law" (*Merl v Merl*, 67 NY2d 359, 362 [1986]). Furthermore, such an agreement cannot be modified by a change to the divorce decree "absent a clear expression by the parties of such an intent" (*Kleila v Kleila*, 50 NY2d 277, 283 [1980]). Here, the parties expressed no such

intent. It is of no consequence that the decree did not contain a nonmerger clause inasmuch as the parties' intent to incorporate and not merge the agreement in the decree is clear from the language of those instruments (*see Rainbow v Swisher*, 72 NY2d 106, 109-110 [1988]; *Merrick v Merrick*, 181 AD2d 503 [1992]). We thus conclude that plaintiff retained the right to enforce the agreement notwithstanding the 1975 order modifying the decree. Contrary to the contention of defendant, he failed to establish as a matter of law that plaintiff either is judicially estopped from enforcing the agreement (*see generally Prudential Home Mtge. Co. v Neildan Constr. Corp.*, 209 AD2d 394, 395 [1994]), or is equitably estopped from doing so (*see generally Airco Alloys Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68, 81-82 [1980]).

Contrary to the further contention of defendant, this action is not time-barred. Plaintiff is seeking to enforce a continuing obligation under a contract, and she therefore may seek damages for those breaches that have occurred within the six years prior to the commencement of the action (*see* CPLR 213 [2]; *see generally Tauber v Lebow*, 65 NY2d 596, 598 [1985]; *Matter of Volpe v Volpe*, 16 AD3d 1176, 1178 [2005]).

We agree with plaintiff that the court further erred in determining that dismissal of the complaint was warranted based on the theory of laches inasmuch as laches is inapplicable in actions at law (*see Hilgendorff v Hilgendorff*, 241 AD2d 481 [1997]). Finally, the court also erred in determining that plaintiff waived her right to enforce the agreement (*see generally Comvest Consulting v W.R.S.B. Dev. Co.*, 266 AD2d 890 [1999]), and that there was a novation between the parties (*see generally Flaum v Birnbaum*, 120 AD2d 183, 192 [1986]). Present— Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.