# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

66

CA 11-00495

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

ARDA MAKARCHUK, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

EDWARD MAKARCHUK, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

LEVITT & GORDON, ESQS., NEW HARTFORD (DEAN L. GORDON OF COUNSEL), FOR
DEFENDANT-APPELLANT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Oneida County
(Samuel D. Hester, J.), entered October 27, 2010.  The judgment
awarded plaintiff the sum of $53,869.16 plus interest against
defendant.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating that part awarding
plaintiff the sum of $9,494.43 plus prejudgment interest thereon and
as modified the judgment is affirmed without costs.

Memorandum:  As we noted when this case previously was before us
on appeal (*Makarchuk v Makarchuk*, 59 AD3d 1094), plaintiff commenced
this action in 2006 seeking to enforce defendant's obligation to pay
carrying costs, i.e., taxes, insurance, and most of the maintenance
costs, on the marital residence pursuant to a separation agreement
(agreement) executed by the parties in 1970.  The agreement provided
that it would "survive any decree of divorce . . . [and would] not
merge in[ ] nor be superseded by any divorce decree or judgment."  As
we further noted, the decree of divorce entered in 1971 expressly
incorporated the agreement but did not contain a nonmerger clause.
The decree was modified in 1975 by Supreme Court (John R. Tenney, J.),
who ordered that defendant was no longer responsible for paying the
carrying costs on the marital residence (hereafter, 1975 order).  On
the prior appeal, we agreed with plaintiff that Supreme Court (Robert
F. Julian, J.) erred in granting that part of defendant's motion
seeking to dismiss the complaint for breach of contract, concluding
that "plaintiff retained the right to enforce the agreement
notwithstanding the 1975 order modifying the decree" (*id.* at 1095).
We therefore reversed the order, denied the motion in its entirety,
and reinstated the complaint.

After the complaint was reinstated, defendant moved by order to
show cause to find plaintiff in contempt for "violating the terms and
conditions of [the 1975 order] by seeking to compel [him] to pay

exactly the expenses which were excused by [that order]."  Defendant further sought "to enforce" the 1975 order, thereby precluding plaintiff's breach of contract action.  Supreme Court (Samuel D. Hester, J.) reserved decision and, after a nonjury trial, denied defendant's application to hold plaintiff in contempt and awarded plaintiff the sum of $53,869.16 in damages plus interest.  In appeal No. 1, defendant appeals from the judgment enforcing his obligation to pay carrying costs on the marital residence pursuant to the parties' agreement and awarding damages to plaintiff in the amount of such costs, plus prejudgment interest, costs and disbursements.  In appeal No. 2, defendant appeals from the order that, inter alia, denied his application to hold plaintiff in contempt.

Addressing first the order in appeal No. 2, we reject defendant's contention that the court erred in refusing to hold plaintiff in contempt of the 1975 order for the same reasons we articulated on the prior appeal, which constitutes the law of the case (*see generally Johnson v Optometrix, Inc.*, 85 AD3d 1542, 1544, *lv denied* 17 NY3d 710).  As we previously noted, "[i]t is well settled that '[a] separation agreement that is incorporated into but not merged with a divorce decree is an independent contract binding on the parties unless impeached or challenged for some cause recognized by law' " (*Makarchuk*, 59 AD3d at 1094, quoting *Merl v Merl*, 67 NY2d 359, 362).  Where, as here, a separation agreement is incorporated but not merged in a divorce decree, "a change in the divorce decree cannot modify the separation agreement absent a clear expression by the parties of such an intent" (*Kleila v Kleila*, 50 NY2d 277, 283), and no such intent was expressed here (*Makarchuck*, 59 AD3d at 1094-1095).  Plaintiff thus retained the right to enforce the agreement with respect to the carrying costs by way of a plenary action for breach of contract (*see Makarchuk*, 59 AD3d at 1094-1095; *see also Kleila*, 50 NY2d at 283).  Contrary to defendant's further contention, we conclude that the judgment in appeal No. 1 does not violate the 1975 order because the judgment enforces the terms of the agreement, which was not modified by the 1975 order.

With respect to appeal No. 1, we reject defendant's contention that plaintiff breached the agreement by "entertaining males" and that such breach excused his failure to pay the carrying costs on the marital residence.  Initially, we agree with the court that defendant's contention that he was excused from his obligations under the agreement based on that alleged breach by plaintiff "is essentially a claim based on a breach of contract, which occurred in 1975 and thus is barred by the six year statute of limitations" (*see generally* CPLR 213 [2]).  In any event, we likewise agree with the court that defendant failed to establish by a preponderance of the evidence that plaintiff breached the agreement by "entertaining males" (*see Famoso v Famoso*, 267 AD2d 274, 274-275; *Lefkon v Drubin*, 143 AD2d 400, *lv dismissed* 74 NY2d 791, *lv denied* 74 NY2d 612; *see generally Graev v Graev*, 11 NY3d 262).

We agree with defendant, however, that the court erred in applying tenancy-in-common principles to the agreement, and thus erred in awarding plaintiff one half of the maintenance costs.  Upon entry

of the divorce decree, the parties' tenancy by the entirety in the marital residence converted to a tenancy in common as a matter of law (*see Goldman v Goldman*, 95 NY2d 120, 122; *Kahn v Kahn*, 43 NY2d 203, 207).  "The distinguishing feature of [a tenancy-in-common] is the right of each cotenant to use and enjoy the entire property as would a sole owner . . . whether or not they are in actual possession of the premises" (*Butler v Rafferty*, 100 NY2d 265, 269).  Generally, "[a]bsent an ouster, tenants-in-common equally bear the costs incurred in maintaining the property" (*Degliuomini v Degliuomini*, 45 AD3d 626, 629; *see McIntosh v McIntosh*, 58 AD3d 814, 814-815).  However, the general rules governing tenancies-in-common " 'will not control where there is a contrary agreement' " (*Butler*, 100 NY2d at 270).  Here, the agreement in question in fact departed from the general rules governing tenancies-in-common by granting plaintiff exclusive use of the marital residence, except for storage in the garage and basement, and by directing defendant to be solely responsible for maintenance costs, with the exception of "grass cutting and snow removal" as well as "fuel and utilities."  Thus, the court erred in awarding plaintiff $9,494.43, representing one half of the maintenance costs, and we therefore modify the judgment in appeal No. 1 accordingly.

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court