# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**94**

**CA 11-01041**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND MARTOCHE, JJ.

---

NICHOLAS B. BOSWORTH, JR., PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

MARYROSE W. BOSWORTH, DEFENDANT-RESPONDENT.

---

DAMON MOREY LLP, BUFFALO (CHRISTOPHER A. CARDILLO OF COUNSEL), FOR PLAINTIFF-APPELLANT.

PAUL A. VANCE, BUFFALO (JAMES P. RENDA OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered January 31, 2011. The order directed plaintiff to pay certain tax liabilities.

It is hereby ORDERED that the order so appealed from is affirmed without costs.

Memorandum: Plaintiff's sole contention on appeal is that Supreme Court erred in concluding that the terms of the parties' separation agreement, which was incorporated but not merged into the judgment of divorce, rendered him responsible for the tax liability of defendant arising from defendant's status as a shareholder of PMC Gage, Inc. (PMC), a subchapter S corporation. Pursuant to the separation agreement, defendant's shares in PMC were transferred to plaintiff in approximately June 2006. The separation agreement also provided that, in exchange for the transfer of defendant's interest in PMC to him, plaintiff would "indemnify and hold [defendant] harmless from any claim or liability associated with or arising out of PMC . . . . ."

According to defendant, the transfer of her shares in PMC caused her to incur federal and state income tax liability in the amount of $227,915. By order to show cause, defendant sought, inter alia, to enforce that part of the separation agreement requiring plaintiff to indemnify defendant for any claim or liability associated with or arising out of PMC. The court granted the motion, and we affirm. " '[A] separation agreement that is incorporated into but not merged with a [judgment of divorce] is an independent contract binding on the parties' " (*Makarchuk v Makarchuk*, 59 AD3d 1094, 1094, quoting *Merl v Merl*, 67 NY2d 359, 362; *see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5). After giving effect and meaning to every term of the separation agreement (*see Village of Hamburg v American Ref-Fuel Co. of Niagara*,

284 AD2d 85, 89, *lv denied* 97 NY2d 603), we conclude that the broad language of that agreement required plaintiff to indemnify defendant for the federal and state income tax liability at issue.

All concur except CENTRA, J.P., and CARNI, J., who dissent and vote to modify in accordance with the following Memorandum:  We respectfully disagree with the conclusion of our colleagues that the terms and conditions of the parties' separation agreement, when read as a whole, require plaintiff to indemnify defendant for her personal income tax liability.  We therefore dissent.

There are two provisions in the separation agreement that control our analysis.  The first requires defendant "to indemnify and hold [plaintiff] harmless from any liability arising out of her income or any joint tax return."  The second requires plaintiff "to indemnify and hold [defendant] harmless from any claim or liability associated with or arising out of PMC Gage, Inc. . . ."  In 2006, defendant owned 100% of the shares of PMC Gage, Inc. (PMC), a subchapter S corporation, for approximately 45% of the tax year.  Pursuant to the separation agreement, defendant transferred all of her shares of PMC to plaintiff, who then owned 100% of the shares for approximately 55% of the 2006 tax year.  As a result of her ownership of the shares of PMC, defendant received a Schedule K-1 from PMC reflecting business income of $669,752.  That income resulted in a personal income tax liability to defendant of $227,915 for the 2006 tax year.  It is undisputed that such tax liability does not constitute a claim by the federal and state government against PMC, and it cannot be said that it is a liability of PMC.  Instead, it is a personal income tax liability of defendant for the 2006 tax year in which defendant filed individually and not jointly with plaintiff.  Notably, plaintiff also received a Schedule K-1 from PMC for his pro rata share of the income, and he reported that income on his 2006 tax return.  It is further worth noting that defendant was employed by PMC in 2006 and received wages.  Thus, in applying the interpretation of the separation agreement set forth by defendant and the majority, we would be led to the untenable conclusion that plaintiff was responsible for the personal income tax on the wages paid to defendant by PMC simply because they were "associated with or aris[e] out of PMC . . . ."

The separation agreement unequivocally requires defendant "to indemnify and hold [plaintiff] harmless from any liability arising out of her income or any joint tax return."  The majority fails to explain how defendant's personal income tax liability is not expressly encompassed by that provision of the agreement but, rather, the majority concludes, without analyzing or referencing that provision, that the "broad language" of the separation agreement requires plaintiff to indemnify defendant for her personal income tax liability.  We cannot agree and conclude that Supreme Court erred in granting that part of defendant's motion seeking to enforce the separation agreement insofar as it allegedly requires plaintiff to indemnify defendant for her personal income tax liability.  We

therefore would modify the order accordingly.

Entered: March 23, 2012                    Frances E. Cafarell
                                           Clerk of the Court