Spain, J.
*1561 The real property was conveyed to defendant in June 2006[1] for $3,021,497 and, after refusing defendant’s offer to pay a one percent commission, plaintiff commenced this action against defendant alleging causes of action in breach of contract and quantum meruit for the failure to pay a broker’s commission fee. Defendant moved for partial summary judgment dismissing plaintiffs quantum meruit claim. Plaintiff opposed the motion and cross-moved for summary judgment on the same cause of action. Supreme Court (Cahill, J.) denied defendant’s motion and granted plaintiff partial summary judgment on the issue of liability under the theory of quantum meruit. The matter then proceeded to a nonjury trial, at the conclusion of which Supreme Court (Gilpatric, J.) found that no enforceable contract existed between the parties and, on the quantum meruit claim, that the reasonable value of plaintiffs services was five percent of the purchase price, amounting to $151,074.85, together with interest in the amount of $70,477 computed from the date of closing, for a total judgment in the amount of $221,551.85. Defendant now appeals, and we affirm.
While in his brief defendant asserts that he was entitled to summary judgment dismissing plaintiffs quantum meruit cause of action and that partial summary judgment to plaintiff on that cause of action was precluded by unresolved issues of fact, at oral argument defendant conceded liability on the quantum meruit cause of action.[2] Hence, as the first three elements of a claim for quantum meruit have been established, i.e., “ ‘(1) performance of services in good faith, (2) acceptance of the services by the person for whom they were rendered [and] (3) an expectation of compensation’ ” (Precision Founds, v Ives, 4 AD3d 589, 591 [2004], quoting Clark v Torian, 214 AD2d 938, 938 [1995]), we need only review Supreme Court’s determination of “ ‘the reasonable value of the services performed’ ” (id.), the fourth and final element. When reviewing a judgment rendered after a nonjury trial, such as this, we “ ‘independently review[ ] the weight of the evidence and may grant the judgment warranted by the record, while according due deference to the trial judge’s factual findings particularly where . . . they rest largely upon credibility assessments’ ” (Brightman v Hackett, 81 AD3d 1200, *1562 1200 [2011], quoting Cotton v Beames, 74 AD3d 1620, 1622 [2010]).
Here, Supreme Court credited plaintiffs expert, Joseph Bellavia, an experienced business and real estate broker specializing in the automotive industry. Bellavia testified that a broker’s compensation in the automobile industry is based primarily on commission, with the major objective being the completion of the transaction, as compared to the actual time expended by the broker, and that the customary rate of commission for the sale of real estate on which an automotive dealership is situated is five percent to six percent of the sale price. Hayes also testified that his company received a five percent commission from Saber for the sale of the dealerships and that he had never received a commission of less than five percent.
In contrast, defendant’s expert, real estate broker and bank president George Whalen, opined that it would not be reasonable to apply a fixed percentage commission unless the parties made an agreement on that percentage but, “[i]nstead, the actual efforts of the broker should be evaluated and, if an agreement was [reached] and the broker was the cause of the sale, those efforts should be considered to award a commission commensurate with the broker’s actual efforts.” Relying on this opinion, defendant argues that Hayes did not spend any significant amount of time talking to defendant regarding the sale of the real estate and that defendant principally dealt directly with Sylvester in working out the details of the transaction. Supreme Court declined to credit Whalen’s testimony, however, finding that as he had no experience in the brokerage of automobile dealerships or real property connected with a dealership, he “lacked the actual experience and or knowledge to render an expert opinion in this specialized transaction.” Defendant does not directly challenge this determination, and we find no basis upon which to conclude that Supreme Court abused its discretion in not crediting defendant’s expert (see Jackson v Nutmeg Tech., Inc., 43 AD3d 599, 599-602 [2007]; McGillvery v City of New York, 22 AD3d 537, 538 [2005]).
We conclude that it was appropriate in determining the reasonable value of the services performed by plaintiff to consider the commission it would have received had an agreement been in place at the customary rate in the community during the time in which the services were rendered (see Comvest Consulting v W.R.S.B. Dev. Co., 266 AD2d 890, 891 [1999]; Curtis Props. Corp. v Greif Cos., 212 AD2d 259, 265 [1995]; Nye Agency v Newman, 15 AD2d 728, 728 [1962]; Baer v Koch, 2 Misc 334, 335 [1893]; see also Abrams Realty Corp. v Elo, 279 AD2d 261, *1563 261 [2001], lv denied 96 NY2d 715 [2001]). On appeal, defendant focuses heavily on the argument that he should not be bound to the customary rate of commission in the industry because no evidence exists that he was aware of that rate. Although this argument would be relevant to a contractual claim as to whether the court should supply a reasonable term omitted from an otherwise enforceable contract (compare Matter of De Graff Foy, Conway & Holt-Harris v McKesson & Robbins, 31 NY2d 862, 871 [1972]), the basis for liability here is premised on quantum meruit and, accordingly, defendant’s knowledge is immaterial as he is bound to pay plaintiff the reasonable amount of plaintiffs services, as determined by the trier of fact.[3] After carefully considering the record evidence and deferring to Supreme Court’s credibility determinations, we concur that plaintiff is entitled to five percent of the purchase price. In real estate transactions, the value of the services rendered are routinely measured as a percentage of the sale price, as opposed to the number of hours expended to broker the deal. It is undisputed that Sylvester was not planning on selling the property before he was approached by Hayes and that Hayes brought the parties together. Hayes also testified that when several problems arose with the sale, he encouraged and convinced Sylvester to complete the transaction. Under these circumstances, we conclude that the reasonable value of plaintiffs services was appropriately calculated (see Comvest Consulting v W.R.S.B. Dev. Co., 266 AD2d at 890).
Mercure, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the amended judgment is affirmed, with costs.

. The dealerships closed in the spring of 2006 and Saber paid plaintiff the agreed upon five percent commission, amounting to a total of approximately $44,000.

. Neither party is challenging Supreme Court’s finding that this dispute is not governed by an enforceable contract.

. In any event, defendant acknowledged that Hayes told him that he expected a five percent commission prior to the completion of the sale.