OPINION OF THE COURT
Lewis J. Lubell, J.
Plaintiffs, owners of the residential premises known as 13 Sunset Drive, Yonkers, New York, commenced this RPAPL article 15 action seeking judgment declaring that the mortgage of record presently held by defendant and which is recorded at reel 1602, page 1591, as thereafter assigned and reassigned, is invalid and unenforceable as forever barred from any claim by virtue of the expiration of the six-year statute of limitations applicable to mortgage foreclosures as calculated from the date of acceleration of the note upon the July 28, 2009 commencement of the foreclosure action entitled Onewest Bank v Reiss (Sup Ct, Westchester County, index No. 16774/09) (the foreclosure action). By decision and order of the court (DiBella, J.), the foreclosure action was dismissed as abandoned.
Defendant now moves to dismiss the complaint in this RPAPL article 15 action pursuant to CPLR 3211 (a) (1), a defense based upon documentary evidence, and 3211 (a) (7), failure to state a cause of action, on the grounds that (A) plaintiffs’ “Hardship Affidavit” dated August 4, 2010, submitted in connection with their foreclosure related Home Affordable Modification Program (HAMP) application, served to restart the statute of limitations; and (B) defendant stopped the running of the statute of limitations upon revoking its election to accelerate plaintiffs’ loan by virtue of its de-acceleration letter dated July 8, 2015.
*754 “A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint on the ground that a defense is founded on documentary evidence ‘may be appropriately granted only where the documentary evidence utterly refutes [the] plaintiff’s factual allegations, conclusively establishing a defense as a matter of law’ (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see Parkoff v Stavsky, 109 AD3d 646 [2013]; Benson v Deutsche Bank Natl. Trust, Inc., 109 AD3d 495 [2013]): Further, the evidence submitted in support of a motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint on the ground that a defense is founded on documentary evidence ‘must be documentary or the motion must be denied’ (Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714 [2012], quoting Fontanetta v John Doe 1, 73 AD3d 78, 84 [2010] [internal quotation marks omitted]; see Rodolico v Rubin & Licatesi, P.C., 112 AD3d at 610). ‘“[N]either affidavits, deposition testimony, nór letters are considered documentary evidence within the intendment of CPLR 3211 (a) (1)” ’ (Cives Corp. v George A. Fuller Co., Inc., 97 AD3d at 714, quoting Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997 [2010]; see Rodolico v Rubin & Licatesi, P.C., 112 AD3d at 610; Suchmacher v Manana Grocery, 73 AD3d 1017 [2010]; Fontanetta v John Doe 1, 73 AD3d at 86).” (Rodolico v Rubin & Licatesi, PC., 114 AD3d 923, 924-925 [2d Dept 2014].)
“ ‘[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case’ (Fontanetta v John Doe 1, 73 AD3d at 84-85 [internal quotation marks omitted]). At the same time, ‘[n]either affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211 (a) (1)’ (Granada Condominium III Assn. v Palomino, 78 AD3d at 997 [internal quotation marks omitted])” (Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714 [2d Dept 2012]).
Here, defendant improperly seeks to rely upon the July 8, 2015 de-acceleration letter (exhibit F to affirmation of Shan P. Massand in support of motion to dismiss). A letter is not *755 “documentary evidence” within, the meaning of the statute (see Granada Condominium III Assn. v Palomino). In any event, the court is not persuaded that it conclusively establishes a defense as a matter of law.
Defendant’s reliance on the “Hardship Affidavit” also fails. The Hardship Affidavit does not conclusively establish a defense to this article 15 action, i.e., it does not conclusively establish that the foreclosure action is not barred by the statute of limitations.
Section 17-101 of the General Obligations Law provides:
“An acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take an action out of the operation of the provisions of limitations of time for commencing actions under the civil practice law and rules other than an action for the recovery of real property. This section does not alter the effect of a payment of principal or interest.”
Such a written acknowledgment of a debt “must recognize an existing debt and contain nothing inconsistent with an intention on the part of the debtor to pay it” (Knoll v Datek Sec. Corp., 2 AD3d 594, 594 [2d Dept 2003], citing Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521 [1976]).
Plaintiffs’ “Hardship Affidavit” was drafted in connection with plaintiffs’ application for “review [of their] eligibility for a loan modification or alternative solution to help prevent foreclosure” (exhibit E to affirmation of Shan P. Massand in support of motion to dismiss). As such, it constitutes a “docu-mente ] reflecting [an] out-of-court transaction] ] . . . , the contents of which are essentially undeniable” (Fontanetta v John Doe 1, 73 AD3d 78, 84-85 [2d Dept 2010] [internal quotation marks omitted]).
Nonetheless, although plaintiffs acknowledge the debt in their “Hardship Affidavit,” it is nothing more than “a conditional promise to pay” (Lorenzo v Bussin, 7 AD2d 731, 732 [1958]) if and when plaintiffs are approved for a loan modification and they agree to such terms. Since the documentary evidence does not contain sufficient facts to determine as a matter of law whether and when plaintiffs could have performed their obligations under the note, if and when modified, the court cannot determine the date on which defendant’s claim *756 upon the underlying note or mortgage can be said to re-accrue for statute of limitations purposes (see Matter of Volpe v Volpe, 16 AD3d 1176, 1177-1178 [4th Dept 2005]; Spagna v Licht, 87 AD2d 626, 627 [1982]). It makes no difference that the Hardship Affidavit contains plaintiffs’ assertion, “We feel with the HAMP Program, once again we pay for a new mortgage.” This is simply part of their prayer for relief and does not otherwise establish anything other than a conditional promise to pay a modified loan if and when approved for a modification upon terms acceptable by plaintiffs.
Since the “Hardship Affidavit” does not “utterly refute” plaintiffs’ contention that any effort by defendant to foreclose plaintiffs’ underlying mortgage obligation would be barred by the statute of limitations, defendant has failed to establish a defense as a matter of law warranting the dismissal of the complaint (Mendelovitz v Cohen, 37 AD3d 670, 670 [2007]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]).
The cross motion to amend the complaint is granted as unopposed.
Based upon the foregoing, it is hereby ordered, that defendant’s motion to dismiss is denied; and, it is further ordered,, that plaintiffs’ cross motion to amend the complaint in the form annexed to the cross motion as exhibit D is granted and is hereby deemed served.